**GAF CORPORATION, Relator,**

v.

**The Honorable Neil CALDWELL, Judge of 23rd District Court, Respondent.**

No. C14–92–00363–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1992.

Jeffery Parsons, Houston, for appellant.

Lawrence Madeksho, Robert E. Ballard, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

OPINION

JUNELL, Justice.

Relator challenges a discovery order entered by Respondent that requires the production of documents which Relator claims are privileged under either the attorney-client communications privilege or the attorney work product exemption from discovery. We agree with the Relator and grant the relief requested in its petition for writ of mandamus.

The real parties in interest served on Relator requests for the production of documents seeking the discovery of 198 specific documents and their attachments. This request specifically identified each document sought. The list was compiled from a privileged document list filed of record by Relator's outside counsel in litigation in California in 1983. Relator timely objected to the document request on the grounds that the documents constituted confidential

attorney-client communications or attorney work product and were irrelevant. The court ordered the documents delivered for *in camera* review by the master. Relator timely produced the documents *in camera* for the master's review. Attached to the documents were the affidavits of Judith Meadow and Michael J. Baker. The two affidavits included all of the evidentiary prerequisites to establish Relator's claims of attorney-client communications privilege and attorney work product exemption.

The order issued by Respondent on March 13, 1992 ordered the production of 63 documents which Relator claims are privileged or irrelevant. This court has reviewed all of the documents which were found discoverable in Respondent's order, and we agree with Relator that these documents are either privileged, exempt from discovery or irrelevant.

 In determining whether the writ of mandamus should issue, we must determine whether the trial court clearly abused its discretion and whether Relator has an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). The supreme court went on to state that this standard has different applications in different circumstances. *Walker*, 827 S.W.2d at 839. The resolution of factual issues is committed to the trial court's discretion and the reviewing court may not substitute its judgment for that of the trial court. *Id.* The Relator must establish that the trial court could reasonably have reached but one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot substitute its decision for that of the trial court unless the decision is shown to be arbitrary and unreasonable. *Johnson*, 700 S.W.2d at 918.

 Review of a trial court's determination of the legal principles controlling its ruling, however, is far less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying it to the facts. *Id.* Therefore, a failure by the trial court to analyze or apply the law properly will constitute an abuse of discretion. *Id.*

In the present case, the issue is whether the Respondent properly applied the law of privilege or exemption from discovery to the documents sought to be discovered. Therefore, under *Walker*, we treat the trial court's order to produce with limited deference and find that Relator has satisfied its burden of proof in establishing that the documents were privileged, exempt or irrelevant and is therefore entitled to the requested relief.

Relator established the prima facie showing of attorney-client communications privilege, attorney work product exemption and irrelevancy through the affidavits produced to the master with the documents. *See Shell Western E & P, Inc. v. Oliver*, 751 S.W.2d 195, 196 (Tex.App.—Dallas 1988, orig. proceeding). Relator established the existence and applicability of the privileges and exemptions through the uncontroverted affidavits of Michael Baker and Judith Meadow. A reading of Respondent's order leaves the impression that the Baker affidavit was never considered, for no mention of the Baker affidavit or its evidentiary effect is made in the order. The order refers only to the affidavit of Judith Meadow and mistakenly says that the documents tendered for review were attached to Meadow's affidavit. In fact they were attached to Baker's affidavit. Moreover, although Respondent's order finds that the claims of privilege were not supported by sufficient extrinsic proof, that finding is belied not only by the Baker and Meadow affidavits but also by Respondent's order itself, which finds that more than half of the GAF documents submitted *in camera* are, in fact, privileged. These affidavits are clear, uncontroverted evidence in support of the Relator's objections to the discovery request.

Texas Rule of Civil Evidence 503(b) precludes the discovery of communications between attorney and client in the following manner:

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of a lawyer representing another party in the pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

TEX.R.CIV.EVID. 503(b).

The uncontroverted Baker affidavit establishes the elements required under the rule for the preclusion of discovery based on the attorney-client communications privilege. This uncontroverted affidavit also presented sufficient evidence to support Relator's claim of attorney-client communications privilege as to the documents referenced in the affidavit. Sufficient uncontroverted evidence was presented in the Baker and Meadow affidavits to justify Relator's claim of attorney-client communications privilege and the trial court erred in overruling the objections and ordering the documents to be produced.

■ Respondent's order stated that one of the grounds for holding the documents discoverable was that many of the attorney-client communications contained factual information and not legal advice or opinions. The order limits the application of the Rule 503(b) privilege to those communications which constitute legal advice or opinions. The rule itself makes no such limitation. The Texas Supreme Court has indicated that the purpose of the attorney-client communications privilege is "to promote the unrestrained communications between an attorney and client in matters where the attorney's advice and counsel were sought by insuring the communications will not be subject to subsequent disclosure." *Maryland American Gen. Ins.*

*Co. v. Blackmon*, 639 S.W.2d 455, 458 (Tex. 1982). It is irrefutable that the privilege attaches not only to legal advice but also to the complete communication between client and counsel. *See DeWitt & Rearick, Inc. v. Ferguson*, 699 S.W.2d 692, 693 (Tex. App.—El Paso 1985, no writ) The subject of the information communicated between the attorney and client is of no concern in determining whether the privilege is applicable to the documents. Respondent erred in distinguishing between the documents based on the subject contents as opposed to the fact that the documents constituted communication between attorney and client under Rule 503(b).

■ Relator also presented uncontroverted evidence that those documents not covered by the attorney-client communications privilege were exempted from discovery under the attorney work product exemption under TEX.R.CIV.P. 166b(3)(a). Respondent found that some of the documents which were claimed to constitute attorney work product were not generated by a lawyer or compiled by a legal person. This court has held that the work product exemption extends not only to documents actually generated by the attorney, but also to memoranda, reports, notes or summaries of interviews, etc. prepared by other persons for an attorney's use. *Toyota Motor Sales USA, Inc. v. Heard*, 774 S.W.2d 316, 318 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding). Relator presented uncontroverted and unchallenged testimony in the affidavits which established that the documents fell within the prerequisites for the work product exemption as well as the attorney-client communications privilege.

Now that we have determined that the Respondent abused his discretion in ordering the documents produced, we must further decide whether the Relator has an adequate remedy by appeal.

■ Mandamus is intended to be an extraordinary remedy. *Walker*, 827 S.W.2d at 840. As such, it is available only in limited circumstances. *Id.* A writ of mandamus will issue "only in situations involving manifest and urgent necessity

and not for grievances that may be addressed by other remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)). The requirement that those seeking mandamus relief demonstrate the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus law. *Walker,* 827 S.W.2d at 840. In *Walker,* the supreme court discussed several situations in the discovery context wherein a party will not have an adequate remedy by appeal. One such situation concerned a trial court ordering the disclosure of privileged information. *Id.* at 843. The court stated that a party will not have an adequate remedy by appeal when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party. *Id.* The court, citing *West v. Solito,* 563 S.W.2d 240 (Tex.1978), held that one such situation occurs when the trial court orders documents to be produced that are covered by the attorney-client communications privilege. *Id.* The same reasoning applies to the documents constituting attorney work product. Therefore, under *Walker,* it is clear that Relator has no adequate remedy by appeal. If the documents are produced to the real parties in interest, the damage will be done and no appeal could ever remedy the situation.

The trial court abused its discretion in ordering Relator to produce the documents requested by the real parties in interest. These documents were established by competent uncontroverted evidence to be documents exempted from discovery by the attorney-client communications privilege or the work product privilege, or were irrelevant to the litigation and not reasonably calculated to lead to admissible evidence. Accordingly, we grant Relator the relief requested in its petition for writ of mandamus. The Honorable Neil Caldwell, Judge of the 23rd Judicial District Court of Brazoria County is directed to vacate his order of March 13, 1992, ordering the production of the 63 privileged or exempt documents. We direct said Respondent to sustain the objections made by the Relator to the request for production and deny the motion to compel filed by the real party in interest. We assume Respondent will comply with the directions contained in this opinion. Writ of mandamus will issue only if he fails to do so.