In re CARBO CERAMICS
INC., Relator.

No. 14–02–00048–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 20, 2002.

James H. Riley, Martin Scott Michelman of Houston, TX, for relators.

Barry Abrams of Houston, TX, for respondent.

## MAJORITY OPINION

EVA M. GUZMAN, Justice.

Relator, Carbo Ceramics Inc., ("Carbo") seeks a writ of mandamus ordering respondent, the Honorable Sharolyn Woods, to vacate her order requiring that Carbo produce privileged documents. We conditionally grant the writ in part and deny the writ in part.

### Factual and Procedural Background

The underlying suit involves claims that Carbo tortiously interfered with existing and prospective contractual relations between real party in interest, Proppant Technology, Ltd. ("Prop Tech"), and Mineracao Curimbaba Ltd. ("Curimbaba"), a Brazilian company. Trial was set for October 2, 2001. On September 17, 2001, Carbo filed an amended discovery response designating Stephen Shalen, one of Carbo's attorneys, as a potential witness with knowledge about the drafting and revision of proposed agreements between Carbo and Curimbaba. On September 30, 2001, and on October 1, 2001, Carbo produced a copy of a letter from Carbo to Shalen with an attachment. The attachment was a term sheet, a version of which had been previously produced by Carbo to Prop Tech. The Shalen letter and the attachment were jointly labeled as Defendant's Exhibit 54 and included on Carbo's exhibit list.[1]

On October 1, 2001, after receiving the Shalen letter, Prop Tech's counsel sent Carbo a letter asserting that Carbo was

---

1. The Shalen letter (Exhibit 54) that was produced to Prop Tech was bates-stamped CCPT001497 and CCPT001498. Prop Tech states in its motion to compel that Carbo had previously claimed this document was privileged and had listed it on its May 30, 2000 Index to Privileged Documents twice, but with different bates numbers: CCPT000923–924 and CCPT000939–940.

attempting to selectively waive the attorney-client privilege and that the Shalen letter directly contradicted affidavits Carbo had previously filed with the trial court. Within several hours, Carbo responded to Prop Tech's letter, claiming it had inadvertently produced the Shalen letter and did not intend to call Shalen as a witness. On the same day, Prop Tech filed a "Motion to Conduct Hearing on Claimed Privilege and to Compel Production." In this motion, Prop Tech requested that Carbo prove its claim that the Shalen letter was privileged and alleged several waiver grounds. Within the "Brief History" portion of the motion, Prop Tech claimed that it was entitled to production of the Shalen letter "as well as all other documents listed on Carbo's privilege log...." In the prayer paragraph of the motion, Prop Tech asked that Carbo be ordered to produce the Shalen letter and, in the same sentence, Prop Tech requested "all other exhibits previously withheld on the grounds of attorney-client privilege...." Prop Tech also submitted the Shalen letter to the trial court in camera.

On October 4, 2001, the trial court held a hearing on pretrial motions. Carbo announced it was not prepared to respond to Prop Tech's motion to compel and asked to submit briefing. The court approved a submission date of October 10, 2001. At the October 4th hearing, Prop Tech urged in its motion in limine that Carbo be precluded from presenting testimony about reliance on the advice of counsel as justification for its actions. During this hearing, Carbo advised the judge that it intended to rely on the advice of counsel as a defense, but it did not intend to offer the substance of that advice because that would waive its privilege. The trial judge, however, stated: "Based on the fact that the defendant [Carbo] does intend to rely on the advice of counsel and that's their defense ... I think that the defendant has to know that by its assertion here that that privilege is waived."

On October 10, 2001, Carbo filed its response to Prop Tech's motion to compel. In its response, Carbo stated its understanding that no one disputed the privileged nature of the Shalen letter. Accordingly, Carbo only addressed the waiver grounds asserted in the motion to compel. On October 25, 2001, Prop Tech filed a reply to Carbo's response and asserted, as an additional ground for compelling production of the privileged document, Carbo's statement at the October 4th, hearing that it intended to rely on the advice of counsel defense. Carbo responded on November 14, 2001, that it never intended to waive the attorney-client privilege and unequivocally stated it would not assert the advice of counsel defense at trial and would comply with Prop Tech's motion in limine.

The record contains no transcript or reference to an oral hearing on the motion to compel. On January 3, 2002, the trial judge signed an order granting Prop Tech's motion to compel and ordered Carbo to produce the Shalen letter and "all other documents previously withheld on the ground of attorney-client privilege."[2] On January 4, 2002, the trial court signed a supplemental order, stating it had signed an order on January 3rd "with regard to the October 4, 2001, hearing" and had

---

**2.** The January 3rd order also provided that Prop Tech "shall be allowed to conduct discovery concerning the circumstances surrounding the creation of Trial Exhibit No 54 [the Shalen letter] and the creation of the affidavits earlier submitted to this Court, and Prop Tech shall be afforded an opportunity to prepare and file such appropriate motions for sanctions and/or contempt of this Court as may be appropriate in light of the discovery to be conducted."

conducted an in camera review of documents. The only document tendered to the trial court for in camera review was the copy of the Shalen letter produced to Prop Tech.

## Standard of Review

■■■ Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the complaining party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *See Walker*, 827 S.W.2d at 840.

■■■ In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker*, 827 S.W.2d at 842. The appellate remedy may be inadequate in three situations: (1) when the appellate court cannot cure the trial court's discovery order, such as where the trial court

orders disclosure of privileged documents; (2) where the party's ability to present a viable claim or defense is vitiated or severely compromised; and (3) when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, thereby precluding appellate review. *Id.* at 843. Because the trial court has ordered production of privileged documents, we find any appellate remedy is inadequate.

## I. Proof of Privilege

Prop Tech's motion was entitled, in part, "Motion to Conduct Hearing on Claimed Privilege." On page 5 of this motion, Prop Tech asserted that it requested the court to hear Carbo's claim that the first page of Exhibit No. 54, the Shalen letter, was privileged. Prop Tech further asserted that "Carbo bears the burden to establish that the document at issue [the Shalen letter] is privileged. . . ."

The discovery rules provide that any party may request a hearing on a claim of privilege and the party asserting the privilege must present any evidence necessary to support the privilege. TEX.R.CIV.P. 193.4(a). This is consistent with case law holding that the party seeking to avoid production bears the burden of proving the privilege. *Nat'l Union Fire Ins. Co. v. Hoffman*, 746 S.W.2d 305, 308 (Tex.App.—Dallas 1988, orig. proceeding). Proof of the privilege may consist of testimony presented at a hearing or affidavits. TEX. R.CIV.P. 193.4(a). If the court determines that an in camera review of documents is necessary, the objecting party must produce the documents to the court in a sealed wrapper in a reasonable period of time after the hearing. *Id.*

### A. Shalen Letter

■■■ Although Carbo asserted in its response that Prop Tech conceded the

privileged nature of the Shalen letter, Prop Tech's motion does not concede, but instead seeks to compel Carbo to prove the privileged nature of the Shalen letter. Carbo did not present any affidavits as proof of the privilege with respect to the Shalen letter; however, the document itself, submitted in camera to the trial judge, can serve as proof of the privilege. *See Weisel Enter., Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986); *Markowski v. City of Marlin,* 940 S.W.2d 720, 727 (Tex. App.—Waco 1997, pet. denied). Prop Tech submitted the Shalen letter and its attachment to the trial court for in camera inspection.

 Rule of Evidence 503 defines the scope of the attorney-client privilege. TEX.R.EVID. 503. Under this rule, a client has a privilege to refuse to disclose confidential communications between the client and his attorney made for the purpose of facilitating the rendition of professional legal services to the client. *Id.* at 503(b)(1). The privilege applies not only to legal advice but also to communications between client and counsel. *GAF Corp. v. Caldwell,* 839 S.W.2d 149, 151 (Tex.App.— Houston [14th Dist.] 1992, orig. proceeding). The subject of the information communicated between the attorney and client is of no concern in determining whether the privilege is applicable to the documents. *Id.*

The Shalen letter was prepared by Carbo and delivered to its attorney, Stephen Shalen. The letter's contents reveal it was intended to be confidential and was written for the purpose of rendition of legal services. Thus, the Shalen letter falls within the scope of Rule 503. To the extent the trial court's ruling was based on a failure to prove the document was privileged, the ruling was an abuse of discretion.

## B. "All Other Documents"

 The trial court's ruling requiring production of "all other documents previously withheld on the ground of attorney-client privilege" cannot be upheld for failure to prove the privilege. The motion to compel did not specifically challenge the privilege as to any documents other than the Shalen letter. Indeed, Prop Tech states in the motion to compel: "Under Tex.R.Civ.P. 193.4, Prop Tech has requested that the Court hear Carbo's claim that the first page of Exhibit No. 54 [the Shalen letter] is covered by the attorney-client privilege. Carbo bears the burden to establish that the document at issue is privileged...." Thus, when specifically requesting a hearing on Carbo's privilege claim, Prop Tech only mentions the Shalen letter.

Furthermore, Prop Tech essentially concedes the privileged nature of "all other documents." Within the factual portion of the motion, Prop Tech states:

> For the three reasons set out at the beginning of this motion, Prop Tech is now entitled to production of the first page of that document [the Shalen letter] as well as all other documents listed on Carbo's privilege log....

The "three reasons" set out at the beginning of Carbo's motion are waiver grounds, including waiver by voluntary production, waiver by voluntary production of a significant part of the privileged material, and the crime/fraud exception. By seeking these other documents on grounds that the privilege was waived, Prop Tech conceded the privileged nature of "all other documents." *Cf.* TEX.R.EVID. 511. This request for "all other documents," when viewed in context, refers only to additional copies of the Shalen letter listed on Carbo's privilege log.

In the final prayer paragraph of the motion, Prop Tech asks the court to "order

... that Carbo be ordered to produce to Prop Tech all other exhibits previously withheld on the grounds of attorney-client privilege...." As unlikely as it seems that a party would list privileged documents as trial exhibits, Carbo in fact listed the Shalen letter on its exhibit list. The record reflects that the Shalen letter is the only document which had been both designated as privileged on a privilege log and also listed on Carbo's exhibit list. Accordingly, the request for "all other exhibits" previously withheld as privileged relates to other copies of the Shalen letter listed on Carbo's privilege log. This is confirmed by Prop Tech's discussion on page 2 of its motion to compel where Prop Tech asserts that the Shalen letter was claimed as privileged and listed on the privilege log twice with different bates numbers. The two listings on the privilege log have different bates numbers than the copy of the Shalen letter that was produced to Prop Tech. Thus, we conclude that the request in the motion to compel for "all other exhibits" logically refers to the other two Shalen letters listed on the privilege log.

Even if Prop Tech's request for "all other exhibits" could be interpreted to request exhibits other than the Shalen letter, we could not find that this request challenges Carbo's claim of privilege. Prop Tech did not specifically identify in its motion which exhibits, other than the Shalen letter, were previously withheld on the ground of attorney-client privilege. Absent a specific challenge to the privileged nature of any document other than the Shalen letter, we hold that Carbo was not required to prove its privilege with respect to any document other than the Shalen letter. Thus, because Prop Tech did not challenge the privileged nature of all *privileged documents,* we conclude that Carbo was not required to provide proof of privilege for all other documents previously withheld on the ground of privilege.

## II. Waiver by Voluntary Production

In its motion to compel, Prop Tech argued that the attorney-client privilege had been waived because (1) Carbo's production of the document was not inadvertent; and (2) Carbo voluntarily produced a significant portion of the privileged material by previously producing a version of the attachment to the Shalen letter.

A person waives the privilege if she voluntarily discloses any significant part of the privileged matter unless such disclosure is itself privileged. TEX.R.EVID. 511. A claim of privilege is not defeated by disclosure that was compelled erroneously or without opportunity to claim the privilege. TEX.R.EVID. 512. Before institution of the new discovery rules, case law regarding inadvertent disclosure applied Rule 511 and discussed the voluntariness of production. For example, in *Granada Corp. v. Honorable First Court of Appeals,* 844 S.W.2d 223 (Tex.1992), the supreme court stated:

> A party who permits access to unscreened documents may, due to inattention, unwittingly—but nonetheless voluntarily—disclose a privileged document. Disclosure is involuntary only if efforts reasonably calculated to prevent the disclosure were unavailing. Thus, although disclosure does not necessarily waive privileges, a party claiming involuntary disclosure has the burden of showing, with specificity, that the circumstances confirm the involuntariness of the disclosure. In addition to precautionary measures, other factors to be examined in determining involuntariness include the delay in rectifying the error, the extent of any inadvertent disclosure, and the scope of discovery.

*Id.* Thus, the *Granada* court found that a party seeking to preserve a privilege after

disclosure must show not only inadvertence, but also that the circumstances demonstrate the involuntariness of the disclosure. *Id.* at 227.

■ *Granada* was overruled in part, however, by Rule 193.3(d), which states that a party who produces information without the intent to waive a claim of privilege does not waive the privilege if, within ten days of discovery of the disclosure, the party identifies the information produced and states the privilege asserted. TEX.R.CIV.P. 193.3(d). The comments under Rule 193 specifically state that the rule is intended to overrule *Granada* to the extent of any conflict. TEX.R.CIV.P. 193, cmt. 4. Thus, under Rule 193.3(d), a showing of involuntariness is not required.

■ *Granada* also addressed the issue of whether the determination of inadvertent disclosure was a factual or legal inquiry. Although waiver is ordinarily a question of fact, *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996), and the resolution of fact issues by the trial court are conclusive and not reviewable by mandamus, *Osborne v. Johnson*, 954 S.W.2d 180, 183 (Tex.App.—Waco 1997, orig. proceeding), the supreme court in *Granada* held that a determination under Rule of Evidence 511 is a legal issue for which mandamus review is permitted. 844 S.W.2d at 226. Because this portion of the *Granada* opinion does not conflict with Rule 193, it is not overruled. Mandamus is therefore a proper method for determining whether waiver is intended or unintended under Rule 193.

### A. Shalen Letter

■ The issue is whether Carbo produced the Shalen letter without intending to waive its claim of attorney-client privilege. *See* TEX.R.CIV.P. 193.3(d). Although Carbo claims the production of the Shalen letter was inadvertent and, therefore, it

did not intentionally waive the privilege, Carbo's conduct before the alleged inadvertent production does not support its position. Two weeks before producing the Shalen letter, Carbo supplemented its interrogatory responses and designated Stephen Shalen as a witness having "knowledge about the drafting and revision of proposed agreements between Carbo and Curimbaba." On the eve of trial, Carbo supplemented its request for production and produced the Shalen letter and its attachments as part of it supplementation. Carbo also listed the Shalen Letter as Exhibit 54 on its exhibit list and described it in detail. Carbo then faxed a copy of the letter to Prop Tech as part of its supplementation and also faxed another copy of the letter as a trial exhibit.

The following day, when Prop Tech received a hand-delivered copy of the Shalen letter, Prop Tech sent a letter by fax to Carbo asserting its belief that production of the Shalen letter was an attempted selective waiver of the attorney-client privilege and that the letter contradicted prior affidavits of two Carbo representatives filed with the trial court. Prop Tech also contended that the late production of the Shalen letter deprived Prop Tech of the opportunity to conduct discovery relevant to that document.

After receiving this letter from Prop Tech's counsel, Carbo apparently changed its strategy. Carbo's counsel immediately responded with its letter claiming the Shalen letter was inadvertently produced and informing Prop Tech that it did not intend to call Shalen as a witness. Despite the statement in its October 1st letter that Carbo did not intend to call Shalen as a witness, Carbo's counsel asserted in the hearing on October 4, 2001, that it intended to rely on the advice of counsel defense. Although Carbo's counsel argued that the assertion of this defense would not waive

the attorney-client privilege, the trial judge disagreed. Based on these facts, the trial court could have determined, in her discretion, that Carbo intended to waive its claim of attorney-client privilege with respect to the Shalen letter when it produced it to Prop Tech. Accordingly, we find no abuse of discretion by the trial judge in ordering production of the copies of the Shalen letter listed on Carbo's privilege log.

### B. "All Other Documents"

■ Although the trial court was within its discretion to determine that Carbo waived its claim of attorney-client privilege when it voluntarily disclosed the Shalen letter, this implied waiver as to the Shalen letter is not an automatic blanket waiver of the privilege for all other documents withheld on the basis of attorney-client privilege. *See Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 592 (Tex.App.—Dallas 1994, orig. proceeding); *National Union Fire Ins. Co. v. Hoffman*, 746 S.W.2d 305, 311 (Tex.App.—Dallas 1988, orig. proceeding). Carbo did not disclose any documents other than the Shalen letter.

Prop Tech's request in the "history" portion of its motion for "all other documents listed on Carbo's privilege log," when viewed in the context of the paragraph in which it is located, seeks the two other copies of the Shalen letter listed on Carbo's privilege log. The request found in the prayer portion of the motion, for "all other *exhibits*" previously withheld was not a request for all other *documents* previously withheld on the ground of attorney-client privilege. Indeed, as previously discussed, this request also seeks the other versions of Exhibit 54, the Shalen letter. In requiring production of all other documents previously withheld as privileged, rather than "exhibits previously withheld as privileged," or "all other documents list-

ed on Carbo's privilege log," the trial court's January 3rd order goes well beyond the relief requested in the motion to compel. *See National Union Fire Ins. Co. v. Hoffman*, 746 S.W.2d 305, 311 (Tex. App.—Dallas 1988, orig. proceeding) (trial court's blanket determination of waiver as to "all communications, knowledge and opinions which underlie the matters addressed in the letter" went well beyond requesting party's claim of waiver with respect to one letter). *See also Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 590 (Tex. App.—Dallas 1994, orig. proceeding) (waiver by voluntary disclosure does not automatically allow disclosure of all privileged material). Moreover, the trial court's order does not limit the production of privileged documents to specific issues; rather, the order imposes a blanket requirement of production of all privileged documents. To the extent the trial court's order requiring production of these "other documents" was based on waiver by voluntary disclosure, it was an abuse of discretion.

### III. Waiver by Disclosure of a Significant Part

Prop Tech also claimed Carbo waived its claim of privilege by voluntarily producing a significant part of the privileged material. Rule 511 provides that a person waives a privilege if it "voluntarily discloses or consents to the disclosure of any significant part of the privileged matter . . . ." Tex.R.Evid. 511(1). Because Carbo produced the attachment to the Shalen letter without claiming privilege as to the attachment and had previously produced another version of the attachment without asserting any privilege, Prop Tech argued that Carbo had produced a significant part of the privileged matter. Having already upheld the trial court's requirement of production of the various copies of the Shalen letter, we need not address this alternative ground for production of the Shalen letter.

## IV. Crime/Fraud Exception

In addition to waiver, Prop Tech argued that the Shalen letter fell within the crime/fraud exception to the attorney-client privilege. Rule 503(d)(1) provides that no privilege attaches if the services of the lawyer were sought to enable or aid anyone in the commission or plan to commit what the client knew or reasonably should have known to be a crime or fraud. TEX. R.EVID. 503(d). Having already upheld the trial court's requirement of production of the various copies of the Shalen letter, we need not address this alternative ground for production of the Shalen letter.

## V. Waiver by Advice of Counsel Defense

■ In its reply to Carbo's response to the motion to compel, Prop Tech contended Carbo waived its claim of privilege by asserting in the October 4, 2001, hearing that it intended to rely on the advice of counsel defense.[3] During the October 4th hearing, the trial judge made the following statement after Carbo's counsel admitted its intent to assert the advice of counsel defense:

> THE COURT: Based on the fact that the defendant [Carbo] does intend to rely on the advice of counsel and that's their defense, ... I think that the defendant has to know that by its assertion here that that privilege is waived ... I'm not going to limit the defense if the defendant believes they are validly asserting, but I think it is very clear here as to the Court's interpretation that once you claim that defense, that becomes open for full and complete examination of the communications.

In the January 4th supplemental order, the trial court stated that the January 3rd order "was signed on the ruling made with regard to the October 4, 2001, hearing...." This indicates that the ruling in the January 3rd order, requiring production of the Shalen letter and "all other documents previously withheld as privileged," was based, at least in part, on Carbo's admitted intent to assert the advice of counsel defense.

■ Texas courts apply the offensive use doctrine when the advice of counsel defense is raised. *See, e.g., DeWitt and Rearick, Inc. v. Ferguson,* 699 S.W.2d 692 (Tex.App.—El Paso 1985, orig. proceeding), *disapproved on other grounds, Owens–Corning Fiberglas Corp. v. Caldwell,* 818 S.W.2d 749, 750 (Tex.1991). The offensive use doctrine applies when a party seeking affirmative relief attempts to claim a privilege to shield evidence that would materially weaken or defeat that party's claims. *See Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 107 (Tex.1985). " 'A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action'." *Id.* at 108 (quoting *Pavlinko v. Yale–New Haven Hosp.,* 192 Conn. 138, 470 A.2d 246, 251 (1984)).

*DeWitt* was the first Texas case to apply the offensive use doctrine to the attorney-client privilege and the application of this doctrine to the attorney-client privilege has been upheld by the supreme court. *Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 161 (Tex.1993). In *DeWitt,* the relators stated they had settled with one group of

---

**3.** In the reply to the Carbo's response to the motion to compel, Prop Tech argued that Carbo's assertion of the advice of counsel defense affirmatively waived any claim of attorney-client privilege by Carbo generally, as well as that asserted particularly concerning the Shalen letter.

buyers based on the advice of counsel; however, relators refused to reveal the substance of that advice, claiming attorney-client privilege. 699 S.W.2d at 693. The trial court found relators had waived the privilege, and the appellate court upheld that ruling on the basis of the offensive use doctrine. *Id.* at 694.

In *Republic Insurance Company*, the supreme court set out three factors that must be present for the offensive use doctrine to apply: (1) the party asserting the privilege must be seeking affirmative relief; (2) the privileged information must be such that, if believed by the factfinder, would in all probability be outcome determinative of the cause of action; and (3) disclosure of the confidential communication is the only means by which the aggrieved party may obtain the evidence. 856 S.W.2d at 163. We turn first to the determination whether Carbo seeks affirmative relief. Prop Tech claims that Carbo's defense of justification constitutes a request for affirmative relief. We disagree.

Texas courts define affirmative relief narrowly for the purpose of determining whether offensive use commands the waiver of privilege. In *Republic Insurance Company*, the party asserting the privilege sought a declaratory judgment. 856 S.W.2d at 164. The court held that the Republic's purpose in seeking a declaratory judgment was defensive and that Republic was therefore not seeking the type of affirmative relief that would result in offensive use *Id.*

Prop Tech does not identify and we have been unable to locate any authority supporting the assertion that the defense of justification constitutes a claim for affirmative relief. Furthermore, by the time the trial court addressed the issue of offensive use, Carbo had unequivocally stated to Prop Tech and in filings with the trial court that it would not assert the advice of counsel defense. In *National Union Fire Insurance Company v. Valdez*, 863 S.W.2d 458, 461 (Tex.1993), the supreme court held the offensive use doctrine did not apply because National Union was not seeking affirmative relief. As an additional reason for finding that the offensive use doctrine did not apply, the court stated National Union had subsequently amended its motion for summary judgment to delete all references to the attorney's testimony and had represented to the trial court that it no longer intended to rely on this testimony. *Id.* at 461–62. Based on *Valdez*, we find that Carbo's apparent change in strategy as reflected in its unequivocal statement to Prop Tech and in filings with the trial court that it did not intend to rely on the advice of counsel defense, is independently sufficient to support a finding that no waiver occurred. For this additional reason, to the extent the trial court's ruling requiring production of all other privileged documents was based on waiver by offensive use, it was an abuse of discretion.

## Conclusion

Because we have found the trial court's order compelling production of all copies of the Shalen letter may be upheld on the ground of waiver by voluntary production, we deny relator's petition for writ of mandamus as it concerns the portion of the order compelling production of the Shalen letter bearing bates numbers CCPT 000923–924 and CCPT 000939–940. Because this portion of the order remains effective, another portion of the order that remains effective is the portion of the order stating that "Prop Tech shall be allowed to conduct discovery concerning the circumstances surrounding the creation of Exhibit 54 [the Shalen letter] and the creation of the affidavits earlier submitted to

this Court, and Prop Tech shall be afforded an opportunity to prepare and file such appropriate motions for sanctions and/or contempt of this Court as may be appropriate in light of the discovery to be conducted." Having found no ground to support the order compelling production of "all other documents previously withheld on the ground of attorney-client privilege," we conditionally grant the writ of mandamus only as to this portion of the order. We are confident the trial court will vacate the portion of its order of January 3, 2002, that compels production of "all other documents previously withheld on the ground of attorney-client privilege." If the trial court fails to do so, the writ will issue.

YATES, J., concurs and dissents.

## CONCURRING AND DISSENTING OPINION

YATES, J., concurring and dissenting.

I agree with the majority's decision to deny mandamus relief with respect to production of the Shalen letter. However, I would also conclude Carbo did not establish that the trial court abused its discretion in ordering production of other withheld documents because Carbo failed to present evidence to the trial court supporting its claim that those documents are protected by the attorney-client privilege. Accordingly, I would deny relator's requested relief in its entirety.

In addition to ordering production of the Shalen letter, the trial court's order requires production of all other documents withheld by Carbo under the attorney-client privilege. As the party seeking mandamus relief, Carbo had the burden of providing this court with a sufficient record to establish its right to relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992). Rule 193.4 provides that at any hearing on a claim of privilege, the party asserting the privilege "must present any evidence nec-

essary to support the ... privilege." TEX. R.CIV.P. 193.4(a); *see also Barnes v. Whittington,* 751 S.W.2d 493, 494 (Tex.1988) (orig.proceeding) ("The party claiming the privilege bears the burden of producing evidence to support such an exception by showing that the documents in question qualify for the privilege as a matter of law."). The record in this case does not establish that Carbo produced evidence to the trial court supporting its claim of privilege as to documents other than the Shalen letter. Therefore, I would deny Carbo's writ as to these documents as well.

The majority concludes that Carbo was not required to present evidence supporting its privilege claim as to documents other than the Shalen letter because Prop Tech did not "specifically challenge the privilege" as to those documents. I disagree. In the body of its motion, Prop Tech plainly requested that the trial court order production of the Shalen letter "as well as all other documents listed on Carbo's privilege log." Prop Tech's prayer requests production of the Shalen letter and "all other exhibits previously withheld on the grounds of attorney client privilege." Although the prayer uses the word "exhibits" rather than "documents," Prop Tech's use of the modifier "previously withheld" immediately after "exhibits" makes sense only if Prop Tech's request is interpreted as referring to all *documents* withheld as privileged. Furthermore, Prop Tech's reply makes clear that it was seeking production of all documents on which Carbo was claiming the attorney-client privilege, based on Carbo's assertion of reliance on counsel as a defense. Nevertheless, the majority somehow concludes that the phrases "all other documents" and "all other exhibits previously withheld" refer only to additional copies of the Shalen letter. Even if this interpretation was reasonable, it is certainly not the only reasonable interpretation. Accordingly, Carbo

has not demonstrated an abuse of discretion by the trial court necessary to justify mandamus relief. *See In re Meador*, 968 S.W.2d 346, 353 (Tex.1998) ("A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner...."); *Walker*, 827 S.W.2d at 839.

The majority further concludes that, even if Prop Tech requested production of documents other than the Shalen letter, Carbo was not required to support its privilege claim as to those documents because Prop Tech's request was based on waiver and not a "specific challenge to the privileged nature of any document." However, nothing in the language of Rule 193.4 suggests that the burden on the party asserting the privilege applies only when the other party attacks the underlying basis of the privilege claim. Nor does the rule require that the party opposing the privilege claim identify each individual document for which production is sought. Prop Tech filed a motion requesting production of all documents withheld as privileged and requested a hearing. Accordingly, under Rule 193.4, Carbo was required to present to the trial court evidence to support its privilege claim as to those documents. Because Carbo apparently did not present any evidence with respect to documents other than the Shalen letter, Carbo has not demonstrated the trial court abused its discretion in ordering production of those documents.

The court's order in this case is easily distinguishable from that in *National Union Fire Insurance Co. v. Hoffman*, 746 S.W.2d 305 (Tex.App.—Dallas 1988, orig. proceeding). In *Hoffman*, the court determined that a finding of waiver as to "all communications, knowledge and opinions" was unworkable, and thus an abuse of discretion. *Id.* at 311. Here, however, the court's order is limited to "documents pre-viously withheld on the grounds of attorney client privilege." The scope of the trial court's order is clear, and it conforms to the relief requested by Prop Tech. Accordingly, I would deny relator's petition for mandamus relief. Because the majority grants relief in part, I respectfully dissent.