Petition for Writ of Mandamus Conditionally Granted and
Majority and Concurring and Dissenting Opinions filed April 16, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00631-CV

____________

 

IN RE HOUSTONIAN CAMPUS, L.L.C., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

C O N C U
R R I N G  A N D  D I S S E N T I N G  O P I N I O N

Mandamus relief is not an all-or-nothing proposition.  Appellate courts
can and do grant mandamus as to part of a trial court’s discovery order and
deny mandamus as to the part of the order in which the trial court did not
abuse its discretion.  See In re Carbo Ceramics, Inc., 81 S.W.3d 369,
379–80 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (granting
mandamus as to part of trial court’s discovery order compelling production of
one document and denying mandamus as to part of same order that compelled
production of other documents); In re Brewer Leasing, Inc., 255 S.W.3d
708, 715–16 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand.
denied]) (granting mandamus relief as to some of the documents the trial court
required a party to produce in an order and denying mandamus relief as to other
documents the trial court ordered the party to produce in that order).  Even
though the majority concludes that the trial court did not abuse its discretion
in part of the discovery order, the majority grants mandamus relief as to the
entire order.  This court instead should grant relief only insofar as the trial
court abused its discretion and deny relief insofar as the trial court did not
abuse its discretion. 

This mandamus proceeding arises out of a discovery dispute over the
relator’s redaction of names from two groups of documents produced to the real
party in interest.  The trial court ordered the relator to produce unredacted
copies of both groups.  The relator is entitled to mandamus relief as to the
second group, and I respectfully concur in this court’s decision to grant
mandamus relief as to those documents.  As to certain documents in the first
group, however, the trial court did not abuse its discretion in ordering
unredacted copies produced, and I respectfully dissent to this court’s grant of
mandamus relief as to those documents.  The majority does not fully address whether
the trial court clearly abused its discretion as to the first group.  Rather,
this court, relying on an argument not asserted by the relator, grants mandamus
relief as to both groups based on an abuse-of-discretion finding as to only the
second group.  Instead of granting mandamus relief as to the entire order, this
court should deny mandamus relief as to certain documents in the first group.  

Overview of
Operative Facts

Relator Houstonian Campus, L.L.C. (“The Houstonian”), a defendant in the
underlying litigation, complains of a discovery order requiring it to produce
unredacted copies of certain documents. Production of the unredacted documents
would reveal the identities of some of The Houstonian’s members whose names were
blacked out when these documents were produced.  The Houstonian asks this court
to compel the Honorable Michael Gomez, presiding judge of the 129th District
Court of Harris County, to set aside his discovery order of June 18, 2009, or,
alternatively, to instruct Judge Gomez to vacate his order as to one of the two
groups of documents.  See Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004); see also Tex. R. App. P. 52.

 

 

Requests
for Production of Documents

Real party in interest Deana Pollard Sacks, the plaintiff in the
underlying suit, is asserting defamation claims against The Houstonian, a
members-only social and fitness club.  Sacks also has filed defamation claims
against two named individuals and “Does 1-10.”  The defamation claims relate to
the termination of Sacks’s membership with The Houstonian.  During discovery,
Sacks propounded various requests for production.  Ultimately, The Houstonian
produced 1,713 pages of responsive documents; however, The Houstonian redacted
from these documents all references to the names of individual club members. 
These redacted documents fall into two groups.  One group includes complaints
and other documents involving or arising from Sacks’s membership at The
Houstonian (hereinafter “First Group”).[1]  The other
group includes documents relating to (1) all parking garage incidents or
accidents during the previous five years, (2) all complaints filed with The
Houstonian by its members during the previous five years, (3) all members of
The Houstonian whose memberships were terminated, whether voluntarily or
involuntarily, during the previous five years, and (4) all incidents of sexual
activity, drunkenness, and illegal drug transactions on the premises of The
Houstonian during the previous five years (hereinafter “Second Group”).[2] 


The
Houstonian’s Objections to Production of Unredacted Documents

Regarding the First Group, The Houstonian objected to revealing the names
of the individual club members who filed the complaints about Sacks, and, prior
to production, The Houstonian redacted these names on documents relating to
these complaints.  Because these names are redacted, the record does not
reflect how many members made these complaints; however, in its discovery
objections, The Houstonian represented that the names of four individual
members had been redacted from these ten pages of documents (hereinafter
“Complaint Documents”).[3]  The
Houstonian asserted that these four members had a reasonable expectation of
privacy when they made their complaints. The Houstonian stated that, if it were
to disclose the names of these four members, then Sacks likely would add these
members as defendants in this suit.  The Houstonian argued that any such suit
would lack merit because there is no evidence that the complaints by the four
members were ever published to third parties.  

As to the First Group and the Second Group, The Houstonian redacted the
names of its members based on the following stated objections:  (1) the
members’ alleged right to privacy under their contracts with The Houstonian,
(2) the members’ alleged general right to privacy, (3) the members’ right to
freedom of association, and (4) the alleged irrelevance of the names of these
members because they are not reasonably calculated to lead to the discovery of
admissible evidence.  As to the Second Group, The Houstonian asserted
additional objections, including an objection that these requests were overly
broad.

Trial
Court’s Order Compelling Production of Unredacted Documents

In response to the redactions, Sacks moved to compel The Houstonian to
reveal the members’ names on the complaints and also moved for sanctions for
redacting the names.  The trial court subsequently agreed with Sacks as to the
disclosure of names and signed an order compelling the production of the
documents without the names redacted.[4]  

The Houstonian then filed a motion for clarification.  In this motion,
The Houstonian noted that the redacted documents it produced can be classified
into two groups (the First Group and the Second Group) and that it believed the
trial court’s order applied only to the documents in the First Group, which The
Houstonian acknowledged are “reasonably related to the pending litigation.” 
The Houstonian noted that the Second Group contains complaints and information
that are completely unrelated to Sacks’s lawsuit.  The Houstonian asked the
trial court to clarify that its order applied only to the First Group and not
to the Second Group.  The trial court stated that its order applied to all of
the documents.

Arguments Asserted and Relief Requested in Mandamus Petition

In its petition for mandamus, The Houstonian asks this court to grant
mandamus relief against Judge Gomez by instructing him to vacate his decision
ordering The Houstonian to disclose the names of its members contained in the
First Group and the Second Group and to hold that these names are confidential
and irrelevant to Sacks’s claims.  In the alternative, The Houstonian requests
that this court instruct Judge Gomez to exclude the Second Group from his order
compelling production because the requests to which those documents are
responsive are overly broad as a matter of law.[5] 


In its mandamus petition, The Houstonian asserts that it has no adequate
appellate remedy and that the trial court clearly abused its discretion by
ruling that the member names should be produced, even though this information
(1) is private and sensitive; (2) is not relevant and not reasonably calculated
to lead to the discovery of admissible evidence; and (3) is protected by the
members’ associational rights under the First Amendment of the United States
Constitution.  The Houstonian also asserts that the production of this
information would encroach upon its interest as a private club in managing its
own affairs.  In the alternative, The Houstonian asks this court to grant
mandamus vacating the trial court’s order as to the Second Group only.  

 

 

Standard of
Review

Mandamus will issue to correct a trial court’s discovery
ruling if the relator shows that the ruling constitutes a clear abuse of
discretion and that there is no adequate appellate remedy.  See In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); see
also In re Maurer, 15 S.W.3d 256, 259 (Tex. App.—Houston [14th Dist.] 2000,
orig. proceeding).  The Houstonian, as relator, has the burden of presenting a
record and petition that show it is entitled to mandamus relief to correct a
clear abuse of discretion by the trial court.  See Tex. R. App. P. 52.3, 52.7; Canadian
Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding); Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig.
proceeding); In re Nelson, No. 14-04-00578-CV, 2004 WL 1516156, at *1
(Tex. App.—Houston [14th Dist.] July 8, 2004, orig. proceeding) (mem. op.).  The
inquiry mandated by precedent is whether The Houstonian, as relator, has
established its entitlement to the extraordinary relief of a writ of mandamus,
not whether the real party in interest (Sacks) has shown that The Houstonian is
not entitled to mandamus relief. See Canadian Helicopters, Ltd., 876
S.W.2d at 305; In re Yamin, No. 14-07-01035-CV, 2008 WL 442575, at *1
(Tex. App. —Houston [14th Dist.] Feb. 19, 2008, orig. proceeding) (mem. op.).  

Analysis
as to the Complaint Documents

With respect to the Complaint Documents, The Houstonian argues the trial
court abused its discretion by overruling its objections that the names of the
four members who filed written complaints regarding Sacks are irrelevant and
not reasonably calculated to lead to the discovery of admissible evidence.  In
her live pleading, Sacks has sued various Doe defendants whose names she does
not know, but who, she alleges on information and belief, have made false and
defamatory complaints against her.  Under a liberal construction of this
pleading, Sacks alleges that these Doe defendants published false and
defamatory statements about her to third parties.  Discovery regarding the
members who have complained about Sacks might not yield evidence sufficient to
raise a fact issue as to whether these individuals defamed Sacks.  Nonetheless,
on this record, the trial court did not abuse its discretion to the extent it
concluded that the discovery of the names of these members is reasonably
calculated to lead to the discovery of admissible evidence.[6] 
See Griffin v. Smith, 688 S.W.2d 112, 113–14 (Tex. 1985) (orig.
proceeding) (per curiam) (conditionally granting mandamus relief ordering
discovery of the identities of persons having knowledge relating to plaintiff’s
slander claim and compelling answers to questions regarding potentially
slanderous communications); In re Maurer, 15 S.W.3d at 261 (denying
mandamus as to discovery of names of individuals involved in incident who might
have defamed the claimants who already were asserting defamation claims against
other parties).  Indeed, in the trial court, The Houstonian itself
characterized these documents as “reasonably related to the pending
litigation.”[7] 

The Houstonian has not shown that the trial court abused its discretion
by ordering discovery of the names of members who made complaints against
Sacks, over The Houstonian’s objection that the names of these members are
private and sensitive information.[8]  

Freedom of association for the purpose of advancing ideas and
airing grievances is a fundamental liberty guaranteed by the First Amendment.  In re Bay Area Citizens Against
Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding).  The First Amendment requires that a compelling state
interest be shown before a court may order disclosure of membership in an
organization engaged in the advocacy of particular beliefs.  Id.  The Houstonian
has not asserted in this original proceeding (or in the court below) that it is
an organization engaged in the advocacy of particular
beliefs, and The Houstonian did not prove this fact as a matter of law in the
trial court.  In addition, The Houstonian concedes in its petition that this
case does not involve state action.  The Houstonian has not shown itself
entitled to mandamus relief based on the First Amendment. 

 The Houstonian asserts in this court that by compelling disclosure of
member names the trial court improperly encroached upon its interest as a
private club in managing its own affairs.[9] 
The Houstonian did not object to the discovery on this basis in the trial court. 
Though the trial court gave The Houstonian until June 2, 2009, to file
objections to the discovery in question, the trial
court did not conclude that there was good cause to excuse The Houstonian’s
failure to assert any objections after that date.  See Tex. R. Civ. P. 193.2.  Therefore, The Houstonian waived that
objection.  See id.; Bielamowicz v. Cedar Hill Indep. Sch. Dist., 136
S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied).

The Houstonian’s arguments as to the Complaint Documents lack merit.  The
trial court did not abuse its discretion in compelling the production of these
documents in unredacted form.[10]  The
majority errs in its analysis to the extent it grants mandamus relief and
orders the trial court to vacate its order as to the Complaint Documents.

Analysis as to the Remaining Documents

The remaining issue is whether mandamus relief should be granted as to
the Second Group and the redacted names in the First Group that are not in the
Complaint Documents (collectively the “Remaining Documents”).  In arguing for
non-disclosure, The Houstonian claims that the trial court clearly abused its
discretion by compelling production of private and sensitive information which
The Houstonian claims is neither relevant to the subject matter of the suit nor
reasonably calculated to lead to the discovery of admissible evidence.  Though
the scope of discovery is generally within the trial court’s discretion, an
order that compels discovery well outside the bounds of proper discovery is an
abuse of discretion for which mandamus is the proper remedy.[11]
See In re Graco Children’s Prods., Inc., 210 S.W.3d 598, 600
(Tex. 2006) (orig. proceeding) (per curiam).  A party may obtain discovery of
the contents of documents that constitute or contain matters relevant to the
subject matter of the action; however, it is not a
ground for objection that the information sought will be inadmissible at trial
if the information sought appears reasonably calculated to lead to the
discovery of admissible evidence.  See Tex. R. Civ. P. 192.3(a).  Each discovery request must be
tailored to include only matters reasonably
calculated to lead to the discovery of admissible evidence.  See In
re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding); In re
Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).  It
is not the burden of the responding party to tailor a reasonable discovery
request for the requesting party.  See In re Sears, Roebuck and Co.,
146 S.W.3d 328, 333 (Tex. App.—Beaumont 2004, orig. proceeding).  Rather, the
requesting party has the responsibility to narrowly tailor each of its requests
for production.  Id.

Abuse
of Discretion

On this record, the trial court abused its discretion to the extent it
found that the member names in the Remaining Documents are relevant or
reasonably calculated to lead to the discovery of admissible evidence. 
Likewise, the trial court clearly abused its discretion by ordering The
Houstonian to produce the Remaining Documents in unredacted form.  This portion
of the trial court’s order is not reasonably tailored to the issues in the
pending case and is therefore outside the bounds of proper discovery.  See
In re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); In
re CSX, Corp., 124 S.W.3d at 152–53.  Accordingly, as to the redacted
documents other than the Complaint Documents, The Houstonian has established
that the trial court clearly abused its discretion.[12] 
Thus, the next issue in the mandamus inquiry is whether The Houstonian has an
adequate appellate remedy.

Adequate Remedy on Appeal

Whether a clear abuse of discretion can be adequately
remedied by appeal depends on a careful analysis of the costs and benefits of
interlocutory review.  See In re McAllen Medical Center,
Inc., 275 S.W.3d
458, 464 (Tex. 2008) (orig. proceeding).  As this
balance depends heavily on circumstances, it must be guided by analysis of
principles rather than simple rules that treat cases as categories.  See id.  Appeal is not an adequate remedy when the
appellate court would not be able to cure the trial court’s discovery error.   
In re Weekley Homes, L.P., 295 S.W.3d 309, 322 (Tex. 2009) (orig.
proceeding).  

As noted above, the trial court’s order is not reasonably tailored to the
issues relevant to the pending case and thus falls outside the bounds of proper
discovery.  Production of these documents without redaction would reveal the
identities of an indeterminate number of The Houstonian’s members, most of whom
are nonparties.  The requests for production regarding these documents are
overly broad.  There is no adequate appellate remedy as to the order compelling
production of the Remaining Documents in unredacted form.  See In re Dana
Corp., 138 S.W.3d at 301–02.  Because there is no adequate remedy by
appeal, The Houstonian is entitled to relief by mandamus.

Conclusion

Instead of granting mandamus as to all of the trial court’s order, this
court should deny mandamus relief as to the Complaint Documents and
conditionally grant mandamus relief as to the Remaining Documents. Though I
concur in the court’s decision to grant mandamus relief as to the Remaining
Documents, I disagree with the majority’s analysis and disposition of relator’s
request for relief.  This court should direct the trial court to vacate its
order only as to the Remaining Documents.  To the extent the court directs the 

trial court
to vacate its order as to the Complaint Documents, I respectfully dissent.  

 

 

                                                                                    

/s/        Kem Thompson Frost

            Justice

 

Panel consists of Chief Justice Hedges and Justices
Yates and Frost. (Hedges, C.J., majority).

 









[1] These documents were produced in response to requests
for production numbers 1, 2, 6, 7, 8, 9, 11, and 12.





[2] These documents were produced in response to requests
for production numbers 3, 4, 5, 10, 13, 14, 15, and 16.

 





[3] The ten pages of documents that fall into this
category are contained in Exhibit 48 of the mandamus record, page numbers 113–14,
119, 121–24, and 137–39.





[4] In its discovery order, the trial court indicated that
“nothing in this order precludes redaction of personal identifiers (i.e. social
security [and] driver’s license numbers).  In addition, the Court requests the
parties submit to the Court an agreed protection order . . . maintaining the
confidential[ity] of the documents as to third-parties, if . . . the documents
contain allegations of a sensitive and confidential nature.”  

 





[5]
The Houstonian does not argue that the trial court
abused its discretion because some of the names the court ordered The
Houstonian to produce are discoverable while other names the court ordered The
Houstonian to produce are not discoverable.  Indeed, in its alternative request
for relief, The Houstonian asserts that, if this court concludes that the trial
court did not abuse its discretion as to the First Group, this court should
grant mandamus in part and vacate the part of the order pertaining to the
Second Group.  This alternative request is contrary to an argument that error
only as to the Second Group would entitle The Houstonian to mandamus as to the
entire order.  Nonetheless, the majority concludes that, although the trial
court did not abuse its discretion in ordering disclosure of some of the names,
the fact that it ordered disclosure of all of the names renders the order
“overbroad” such that this court must grant mandamus as to the whole order.  See
ante at pp. 4–5.  The Houstonian has not made this argument, nor has The
Houstonian requested this relief.  





[6]
Notably, the
majority does not conclude that the trial court properly ordered disclosure of
the names of all four members whose names were redacted in the Complaint
Documents.  Rather, the majority concludes that the trial court did not abuse
its discretion by ordering the disclosure of the names of the member or members
who complained that Sacks drove recklessly and made a racist comment. See
ante at pp. 4–5. The majority does not address whether the trial court
abused its discretion in ordering the disclosure of the other names in the
Complaint Documents. Though this court grants mandamus relief vacating the
entire order, the majority does not address whether the trial court abused its
discretion as to all the Complaint Documents, even though The Houstonian
acknowledged in the trial court that these documents are related to the pending
claims. 

 





[7]
The majority states that “the trial court is in
a far better position than this court to determine which of the produced documents
in fact relate to [certain] statements and to tailor an order more narrowly
drawn.”  Ante at p. 5. However, we are not presented with a situation in
which the documents have yet to be produced or identified or in which the
nature or purpose of the redactions is unknown.  All of the Complaint Documents
have been produced, and the nature of the redactions (names of individuals
making complaints against Sacks) is known to all parties, the trial court, and
this court. The only thing in issue is the redaction of names on these ten
pages.  Because these pages already have been produced in redacted form, no in
camera inspection or additional hearing is required to resolve this issue. 
Likewise, this court can rule that certain documents in the First Group can
remain redacted just as clearly and easily as the trial court.  

 





[8]
The majority states that “the record before us
reflects that The Houstonian’s personnel and membership files are kept in the
strictest confidence, which includes reports and complaints made by individual
members.”  The record does not support this statement. Instead, the record
reflects that the membership contracts and The Houstonian’s Rules and
Regulations do not state that complaints and grievances will be kept
confidential.  

 





[9]
Sacks argues, among other things, that The
Houstonian is not a private club.  It is not necessary to address this issue in
this mandamus proceeding.

 





[10]
The majority concludes that mandamus
should be granted as to the entire order even though the trial court did not
abuse its discretion in the part of the order compelling disclosure of certain
names by the production of unredacted documents.  See ante at pp.
4–6.  The majority cites no authority for this proposition, and it is not a
correct statement of Texas law. See In re Brewer Leasing, Inc., 255 S.W.3d 708, 715–16; In re Carbo Ceramics,
Inc., 81 S.W.3d at 379–80. In addition, though the majority states that
some of the names are discoverable, the majority also makes statements
indicating that none of the names are discoverable.  See, e.g., ante
at p. 6 (“Production of the documents without redaction would reveal the
identities of an indeterminate number of the Houstonian’s members . . .  [t]his
information is patently irrelevant to Pollard Sack’s defamation suit”), p. 8 n.6
(stating that the court has “conditionally grant[ed] mandamus relief on the
relevancy ground”).

 





[11]
At one point in its petition, The Houstonian
asserts that the trial court’s order is “overly broad.”  However, The
Houstonian explains that it is arguing the order is overly broad because the
order “requires the production of documents that bear no relation to the facts
and claims in Plaintiff’s Original Petition.” The Houstonian does not argue
that the order is overly broad because the trial court orders the disclosure of
some names that are discoverable and of some names that are not discoverable. 
The Houstonian argues that the order is overly
broad because the trial court requires production of unredacted documents in
response to overly broad requests for production, not because part of the order
is subject to mandamus and part of it is not.





[12] Sacks also argues that The Houstonian has waived any
objection to producing unredacted copies of documents that it has produced
voluntarily, albeit in redacted form.  Sacks is correct to the extent that The
Houstonian waived other objections when it voluntarily produced the documents. 
However, The Houstonian expressly objected to disclosing the names of its
members. By producing the documents with the names redacted, The Houstonian complied
“with as much of the request to which the party [had] no objection.”  Tex. R. Civ. P. 193.2(b).  A party is
required to produce what is discoverable when only part of a request is
objectionable.  See In re CI Host Inc., S.W.3d 514, 516 (Tex. 2002)
(orig. proceeding).  A response in accordance with the rules does not
constitute waiver of the objection. Sacks further claims The Houstonian does
not have a “legal” objection to disclosing the names of its members. However,
The Houstonian objected to these documents on the ground that the requests were
overly broad.