## In re BLACKSTONE MEDICAL, INC. d/b/a Orthofix Spinal Implants, Relator.

### No. 05–12–00763–CV.

Court of Appeals of Texas, Dallas.

July 19, 2012.

Brian J. Hurst, Meghan E. George, Jennifer D. McCollum, Baker & McKenzie LLP, Dallas, TX, for Relator.

Gregory R. Ave, Walters, Balido & Crain, L.L.P., for Real Party in Interest.

Before Justices O'NEILL, FRANCIS, and MURPHY.

### OPINION

Opinion by Justice FRANCIS.

Relator filed this mandamus proceeding after the trial court compelled it to produce to real party in interest three documents identified in its privilege log. We conclude the trial court abused its discretion in ordering the production of the documents and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

Relator Orthofix is a manufacturer of spinal implant devices, and real party in

interest Phoenix Surgicals, Inc. is a distributor of such devices. The parties had a distribution agreement that was terminated in 2010, leading to this litigation. Phoenix served discovery requests on Orthofix, seeking documents relating to the negotiation of the distribution agreement and the decision to terminate that agreement. After receiving relator's privilege log, Phoenix filed a motion to compel production of the documents Orthofix claimed as privileged. The trial court conducted an in camera inspection and ordered Orthofix to produce three of the documents: numbers 19, 26, and 34. The documents in question were submitted to this Court under seal.

In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). An appeal is an inadequate remedy when the court erroneously orders disclosure of privileged information. *In re Ford Motor Co.,* 211 S.W.3d 295, 298 (Tex.2006) (per curiam) (orig. proceeding).

The documents in question are email strings between several of Orthofix's employees, including its in-house counsel. In each of the strings, legal advice is being sought from relator's counsel. Such documents are clearly protected by the attorney-client privilege. *See In re Carbo Ceramics, Inc.,* 81 S.W.3d 369, 374 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding) (privilege applies not only to legal advice but to all communications between client and counsel for the purpose of facilitating the rendition of professional legal services to the client). We find that it was an abuse of discretion for the trial court to order the production of these three privileged documents.

Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the portion of its January 17, 2012 order on plaintiff's motion to compel that requires relator to produce documents 19, 26, and 34 from its privilege log and its May 16, 2012 order on defendant's motion for reconsideration and to render an order denying the motion to compel.