### IN RE COKINOS, BOISIEN & YOUNG, Relator

### No. 05-16-01331-CV

Court of Appeals of Texas, Dallas.

Opinion Filed July 25, 2017

David William Shuford, Shuford Law Firm, Dallas, TX, for Real party in interest.

Dale Jefferson, Levon Hovnatanian, Robert T. Owen, Martin, Disiere, Jefferson & Wisdom, LLP, Houston, TX, Michael James Watson, Martin, Disiere, Jefferson & Wisdom LLP, Dallas, TX, for Relator.

Before Justices Lang, Brown, and Whitehill

## OPINION

Opinion by Justice Whitehill

An estate representative is required to obtain possession of estate records and assets and, where reasonable, pursue estate claims against third parties. The primary question before us is whether the trial court clearly abused its discretion by ordering the estate representative for a deceased lawyer be given access to correspondence to which the deceased lawyer was a party where that correspondence may be relevant to a fee-sharing dispute between the estate and a law firm. We conclude that the trial court did not abuse its discretion by ordering that the deceased's estate representative is entitled to receive copies of the deceased's correspondence because the representative is entitled to gather documents that the deceased would be entitled to have to pursue claims that could benefit the estate. Accordingly, we deny the mandamus petition.

Relator Cokinos, Boisien and Young ("CB&Y") and the decedent, Eugene Moore, represented Ruhrpumpen, Inc. in a federal lawsuit that was resolved through a settlement in December 2014. ("the Lawsuit"). Moore was, until his death on April 11, 2014, counsel of record for Ruhrpumpen in the Lawsuit along with CB&Y.

The underlying proceeding involves a fee dispute between CB&Y and Moore's estate.[1] The Estate claims CB&Y agreed to pay Moore 20% of the fee CB&Y earned in connection with the Lawsuit but failed to pay the fee. The Estate sued CB&Y for breach of contract and seeks payment of the 20% fee.

In this original proceeding, CB&Y seeks relief from an order compelling CB&Y to

---

1. The Real Party in Interest is referred to as "the Estate" for purposes of clarity. In each instance, the term refers to "Sheila Moore, as Independent Executor of the Estate of Eugene H. Moore."

produce, pursuant to a protective order, all e-mails between Moore and CB&Y related to the Lawsuit. CB&Y maintains that the trial court abused its discretion by compelling production of the e-mails because they are privileged attorney–client communications and/or subject to the work product doctrine. Because relator CB&Y has not shown an abuse of discretion, we deny its mandamus petition.

### The Discovery Order

The Estate moved to compel production of all Lawsuit–related e-mails between Moore and CB&Y to discover proof of the fee agreement as well as evidence of the scope of Moore's work regarding the Lawsuit. CB&Y resisted production by asserting that the e-mails (i) were protected from production by the attorney–client privilege and the work product doctrine; (ii) pertained to confidential business dealings related to the Lawsuit and confidential communications regarding business strategies and litigation strategies; and (iii) contained "highly sensitive business information" regarding the Lawsuit. Ruhrpumpen objected to disclosing the e-mails and refused to waive the privilege.

Without ruling on whether such objections applied to any specific document, the trial court granted the motion to compel and signed an order compelling CB&Y to produce "[a]ll emails between Eugene Moore and Defendant [CB&Y] regarding the lawsuit." The order included a protective order "to preserve the rights of the litigants in these proceedings and of Ruhrpumpen, Inc. to claim confidentiality and privilege regarding the documents produced pursuant to this order...." Specifically, the order allows the parties to designate documents as "attorney eyes only" documents if the party determines "in good faith" that the document is subject to the attorney–client privilege or work product doctrine. The order requires that such documents be treated as confidential and used only by counsel in the case solely for litigating the case. If a party wishes to disclose the information to persons other than counsel and their staff, the party must notify the opposing party and, if the parties cannot reach a written agreement as to the materials' use, then the party seeking disclosure must file a Rule 76a motion to seal and obtain a ruling.

CB&Y asks this Court to issue a writ of mandamus directing the trial court to vacate the order compelling production of the e-mails.

### Mandamus Standard

To obtain mandamus relief, the relator must show both that the trial court has clearly abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has "no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840). "A party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (per curiam) (orig. proceeding); *Walker*, 827 S.W.2d at 843 (Tex. 1992); *In re Blackstone Med., Inc.*, 372 S.W.3d 316, 317 (Tex. App.—Dallas 2012, orig. proceeding). An appeal is an inadequate remedy when the court erroneously orders disclosure of privileged information. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding); *In re Fisher & Paykel Appliances, Inc.*, 420 S.W.3d 842, 846 (Tex. App.—Dallas 2014, orig. proceeding).

## Analysis

■ Because the trial court did not rule on any specific document's protected nature, the only ripe question before us is whether the trial court abused its discretion by requiring CB&Y to provide the Estate, subject to the protective order, with copies of the decedent's own e-mail correspondence. Thus, we do not address whether any disputed document is subject to the attorney–client privilege or the attorney work product doctrine.

An attorney is permitted to retain a copy of the client's file, including the attorney's own correspondence related to the matter. *See* Tex. Disciplinary R. Prof'l Conduct R. 1.15(d) ("The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation."). If Moore were alive, he would ordinarily either have copies of his correspondence related to the Lawsuit or would be entitled to copies of it. *See id.*

Moreover, assuming that the correspondence was subject to a privilege, an issue not before us, that privilege would only prevent discovery by third parties, not discovery by a party to the communication. *Cf. Irving Healthcare Sys. v. Brooks*, 927 S.W.2d 12, 21 (Tex. 1996) (orig. proceeding) ("Although communications to a medi-cal peer review committee are privileged from discovery by third parties under the statutes, a physician may compel production of his or her own direct communications with the committee.").

Additionally, because an executor is a personal representative who stands in the decedent's shoes, *Smith v. O'Donnell*, 288 S.W.3d 417, 421 (Tex. 2009), the Estate is entitled to copies of Moore's e-mail correspondence just as he would be entitled to the e-mails if he were alive. *See* Tex. Estates Code §§ 101.003, 351.054, 351.102, 351.103. Indeed, where it is reasonable to do so, the estate representative is to exercise ordinary diligence to collect all claims and debts due the estate. *See id.* §§ 351.101, 351.151.

The Estate, thus, had a duty to seek out these communications to determine if fees were owed to the Estate and litigate if necessary to recover those fees. The trial court thus did not abuse its discretion by compelling production of the e-mails as it did. Accordingly, we deny relator's petition for writ of mandamus.