ACCEPTED
08-24-00388-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/30/2024 9:30 PM
ELIZABETH G. FLORES
CLERK

08-24-00338-CV

**Case No. 08-24-00388-CV**

**IN THE EIGHTH COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/30/2024 9:30:23 PM
ELIZABETH G. FLORES
Clerk

**CITY OF OLMOS PARK, TEXAS
Appellant,**
**v.**
**GRABLE, BRANDON J.,
Appellee**

**APPELLANT'S BRIEF**

**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
Clarissa M. Rodriguez
State Bar No. 24056222
Megan R. Santee
State Bar No. 24002893
Lori W. Hanson
State Bar No. 21128500
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 (Facsimile)

*ATTORNEYS FOR APPELLANT
CITY OF OLMOS PARK, TEXAS*

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**

City of Olmos Park, Texas

**Counsel for Appellant:**

Clarissa M. Rodriguez
State Bar No. 24056222
Megan R. Santee
State Bar No. 24002893
Lori W. Hanson
State Bar No. 21128500
DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.
2517 North Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 Facsimile
cmrodriguez@rampagelaw.com
mrsantee@rampagelaw.com
lwhanson@rampagelaw.com

**Appellee:**

Brandon J. Grable

**Counsel for Appellee:**

Brandon J. Grable
State Bar No. 24086983
GRABLE GRIMSHAW PLLC
1603 Babcock Road, Ste. 280
San Antonio, Texas 78229
(210) 963-5297
(210) 641-3332 Facsimile
brandon@g2.law

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................ii

TABLE OF AUTHORITIES ...............................................................iv-vi

STATEMENT OF THE CASE.............................................................vii

STATEMENT REGARDING ORAL ARGUMENT .........................................viii

STATEMENT ON JURISDICTION ................................................viii

ISSUES PRESENTED.......................................................................viii

STATEMENT OF FACTS ...............................................................ix

SUMMARY OF THE ARGUMENT .................................................xi

ARGUMENT AND AUTHORITIES...............................................1

    a. Issue One: The City has not waived its sovereign immunity and the Trial Court abused its discretion by denying Appellant's Plea to the Jurisdiction and Motion for Summary Judgment ......................................1

    b. Issue Two: The trial court erred in denying the City's Traditional Motion for Summary Judgment as there was no evidence the City violated the Texas Public Information Act.................................7

PRAYER ...............................................................................18

TEX. R. APP. P. 52.3(J) CERTIFICATION ......................................19

CERTIFICATE OF COMPLIANCE...................................................19

CERTIFICATE OF SERVICE .......................................................20

APPENDIX.............................................................................21

# TABLE OF AUTHORITIES

**Cases**

*A & T Consultants,* 904 S.W.2d at 674......................................................................8

*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997) ....................................7

*Amador v. San Antonio State Hosp.*, 993 S.W.2d 253 (Tex. App.—San Antonio 1999, pet. denied)..............................................................................................1

*Bland Independent School Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000) .....................2

*Cf. Harlandale Indep. Sch. Dist. v. Cornyn*, 25 S.W.3d 328 (Tex. App.—Austin 2000, pet. denied)............................................................................................17

*City of El Paso v. Abbott*, 444 S.W.3d 315 (Tex. App.—Austin 2014, pet. denied) 3

*City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558 (Tex. App.—Houston [14th Dist.] 2015, pet. denied)................................................................................3

*City of Georgetown v. Putnam*, 646 S.W.3d 61 (Tex. App.—El Paso, 2022) ..........5

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979).............8

*City of Waco v. Kirwan*, 298 S.W.3d 618 (Tex. 2009)........................................2, 7

*Continental Coffee Prds. Co. v. Casarez*, 937 S.W.2d 444, n. 2 (Tex. 1996)...........1

*Fannin County Comm. Supervision & Corrs. Dep't v. Spoon*, No. 06-13-00103-CV, 2014 WL 3513388 (Tex. App.—Texarkana July 16, 2014, pet. denied) .......6

*GAF Corp. v. Caldwell,* 839 S.W.2d 149 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding) .............................................................................................16

*Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962)....................................8

*General Servs. Comm'n v. Little-Tex. Insulation Co.,* 39 S.W.3d 591 (Tex. 2001)..1

*Grant v. Texas State Attorney Gen.*, No. 14-18-00677-CV, 2019 WL 6876556, at *4 (Tex. App. —Houston [14th Dist.] Dec. 17, 2019, no pet.) ............................3

*Harris County v. Sykes*, 136 S.W.3d 635 (Tex. 2004)............................................5

*Huie v. DeShazo*, 922 S.W.2d 920 (Tex. 1996)............................................... 16, 17

*In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218 (Tex. 2004) (orig. proceeding) ................................................................................................ 11, 14

*In re Fairway Methanol LLC*, 515 S.W.3d 480 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ...................................................................................10

*In re Tex. Farmers Ins. Exch.*, 990 S.W.2d 337 (Tex. App.—Texarkana 1999, orig. proceeding) ................................................................................................ 11, 15

*Johnson v. City of Fort Worth,* 774 S.W.2d 653 (Tex.1989) ...................................8

*Miller v. Gregg County*, 546 S.W.3d 410 (tex. App.—Texarkana 2018, aff'd as modified)..........................................................................................................3

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629 (Tex. 2012)..............7

*Mossler v. Shields*, 818 S.W.2d 752 (Tex.1991) (per curiam) ...................................5

*National Tank Co. v. Brotherton,* 851 S.W.2d 193 (Tex.1993) .............................16

*Ntreh v. Univ. of Tex. at Dallas*, 936 S.W.2d 649 (Tex. 1997) ...............................2

*Osborne v. Johnson*, 954 S.W.2d 180 (Tex. App.—Waco 1997, orig. proceeding) ....................................................................................................................16

*Ritchey v. Vasquez*, 986 S.W.2d 611 (Tex. 1999) (per curiam) .............................5

*Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781 (Tex. 2019) .......................7

*Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993).........1

*Tex. Dept. Of Transportation v. Jones,* S.W.3d 636 (Tex. 2000)............................1

*Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636 (Tex.1999) ....................................2

*Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849 (Tex. 2002)1

*Thomas v. Cornyn*, 71 S.W.3d 473 (Tex. App.—Austin 2002, no pet.) ...................5

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) ..............................................2

*Univ. of the Incarnate Word v. Redus*, 518 S.W.3d 905 (Tex. 2017).................... viii

*University of Texas at Dallas v. Ntreh,* 947 S.W.2d 202 (Tex. 1997)(modifying in part) ....................................................................................................................2

*University of Texas System v. Franklin Center, 675 S.W.3d at* ..............................10

## Other Authorities

Texas Attorney General Open Records Decision Order No. 676 at 6-7 (2002).......... .......................................................................................................... 9, 10, 15

## Rules

TEX. GOVERNMENT CODE § 552.001 ........................................................................ vii

TEX. GOVERNMENT CODE § 552.022(a)(1) ............................................................... vii

TEX. GOVERNMENT CODE § 552.103........................................................................ ix

TEX. GOVERNMENT CODE § 552.107........................................................viii, ix, xi, 9, 13

TEX. GOVERNMENT CODE § 552.107(1) ............................................................... 15, 16

TEX. GOVERNMENT CODE § 552.304........................................................................15

TEX. GOVERNMENT CODE § 552.321.............................................. vii, 3, 4, 5, 6, 7, 12

TEX. GOVERNMENT CODE § 552.321(a) .......................................................... vii, x, 4

TEX. GOVERNMENT CODE § 552.3221.......................................................................x

TEX. GOVERNMENT CODE § 552.3215................................................................6, 14

TEX. GOVERNMENT CODE § 552.111....................................................................... ix

TEXAS RULES OF EVIDENCE § 503....................................................... xi, 10, 12, 13

TEXAS RULES OF EVIDENCE § 503(b) .............................................................. 11, 16

TEXAS RULES OF EVIDENCE § 503(a)(4)(A) ..........................................................10

TEXAS RULES OF EVIDENCE § 503(b)(1) ..................................................................15
TEXAS RULES OF EVIDENCE § 503(a)(5)..................................................................16
TEXAS CIVIL PRACTICE AND REMEDIES CODE §51.014(a)(8),.............................. viii
TEX. R. CIV. P. 166a(c)......................................................................................7

## STATEMENT OF THE CASE

Appellee brought a mandamus action to compel disclosure of information requested by Appellee against the City of Olmos Park, Texas pursuant to TEX. GOVERNMENT CODE §§ 552.321; 552.321(a); 552.001; and 552.022(a)(1).   On May 13, 2024, Appellant filed its Plea to the Jurisdiction and Motion for Summary Judgment. On August 29, 2024, the Honorable Mary Lou Alvarez, presiding Judge of the 45th District Court of Bexar County, Texas heard Appellant's Plea to the Jurisdiction and Motion for Summary Judgment, and took the matter under advisement. On September 9, 2024, the Court issued an order denying Appellant's Plea to the Jurisdiction and Motion for Summary Judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because of the complexity of the facts and law in this mandamus action to compel Appellant to produce information subject to Attorney-Client privilege, under TEXAS GOVERNMENT CODE § 552.107.

## STATEMENT OF JURISDICTION

The Court has appellate jurisdiction over this matter pursuant to §51.014(a)(8), TEX. CIV. PRAC. & REM. CODE, which allows interlocutory appeals from the denial of a plea to the jurisdiction by a governmental unit.[1]

## ISSUE PRESENTED

**ISSUE ONE:** The City has not waived its governmental immunity under the Texas Public Information Act and the Trial Court abused its discretion by denying Appellant's Plea to the Jurisdiction and Motion for Summary Judgment.

**ISSUE TWO:** The trial court erred in denying the City's Traditional Motion for Summary Judgment as there was no evidence the City violated the Texas Public Information Act and that Appellant was entitled to Mandamus.

---

[1] *Univ. of the Incarnate Word v. Redus*, 518 S.W.3d 905, 906 (Tex. 2017); §51.014 (b).

## STATEMENT OF FACTS

Appellee Brandon J. Grable ("Appellee" or "Grable") filed a Public Information Act request, pursuant to Texas Government Code Chapter 552, on September 5, 2023, at 7:13 p.m. when City offices were closed. He requested: "(1) the operational assessment conducted of the Olmos Park Police Department that was identified on recent City Council agendas; and (2) and records relied on by the City to terminate Rene Valenciano."

On September 20, 2023, the Appellant City ("Appellant" or "City") submitted a request to the Texas Attorney General asserting that the operational assessment should be excluded under TEX. GOV'T CODE §§ 552.103-litigation, 552.107—attorney-client privilege, and 552.111—agency memoranda. On December 5, 2023, the City provided Appellee with the Attorney General's Opinion dated November 29, 2023. The Attorney General agreed that the City could withhold the information under § 552.107, stating "we find the city has demonstrated the applicability of the attorney-client privilege to the submitted information." The Opinion further stated: "As our ruling is dispositive, we need not address your remaining arguments against disclosure of this information."

Despite the Attorney General's ruling that the operational assessment could be withheld, Appellee moved for mandamus to compel production and demanded an in-camera inspection under § 552.3221 of the TEX. GOV'T CODE.

The document in question was created pursuant to an agreement between Public Safety Solutions, LLC ("PSS") and Denton Navarro Rodriguez Bernal Santee & Zech, P.C. ("Law Firm"). PSS was tasked by the Law Firm to perform an assessment of the City Police Department so that the Law Firm could provide the best possible legal advice to the City.

The District Court lacked subject matter jurisdiction over this claim because the City is a municipality and is a government entity organized under the laws of the State of Texas for purposes of immunity. The City is entitled to immunity from suit under the doctrine of governmental immunity. The City's immunity from suit deprives the Court of jurisdiction and bars Appellee's claims. Appellee relies upon TEX. GOV'T CODE § 552.321(a) but that statute clearly does not waive immunity where a municipality withholds information, which the Attorney General has determined is privileged and excepted from release.

## SUMMARY OF THE ARGUMENT

As a matter of law, Appellee has not, and cannot, present in pleading or in proof, a set of facts that overcomes Appellant's immunity from suit. The City properly followed the requirements of state law under the Texas Public Information Act and complied with the ruling issued by the Attorney General. As such, Grable cannot show that the Texas Legislature has waived the City's governmental immunity and that he has a valid claim for relief under the Act.

Additionally, Appellee did not produce any controverting evidence to contradict the Attorney General's Opinion or the facts presented by the City in its Brief to the Attorney General, which were undisputed, that the City timely asked for an Attorney General Opinion requesting a ruling to allow the City to withhold the responsive information under attorney-client privilege communications. The City provided evidence to support the test under TEX. R. EVID. 503 and TEX. GOV'T CODE § 552.107. As such, the City was entitled to summary judgment dismissing Grable's claim for mandamus relief and in camera inspection of the documents.

**I.** **Appellee has not shown a waiver of governmental immunity under the Texas Public Information Act and the trial court erred in denying the City's Plea to the Jurisdiction**

### A. Standard of Appellate Review- Plea to the Jurisdiction

Subject matter jurisdiction cannot be presumed and cannot be waived. *See Continental Coffee Prds. Co. v. Casarez*, 937 S.W.2d 444, 448-49, n. 2 (Tex. 1996). Plaintiff bears the burden of alleging facts affirmatively showing the trial court has subject matter jurisdiction. *See Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993). A plea to the jurisdiction is proper to challenge a suit brought against a governmental entity when it is apparent from the pleadings on file that the claims asserted are not within any waiver of sovereign immunity. *See Tex. Dept. Of Transportation v. Jones,* S.W.3d 636, 637-39 (Tex. 2000); *see also, Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 254-255 (Tex. App.—San Antonio 1999, pet. denied).

The Legislature may consent to suits against the State by statute or resolution, but "legislative consent to sue the State must be expressed in 'clear and unambiguous language.'" *Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 854 (Tex. 2002), *citing General Servs. Comm'n v. Little-Tex. Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001).

*1*

For governmental entities, sovereign immunity has two component parts—immunity from suit and immunity from liability. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A party suing a governmental entity must allege consent to suit either by reference to statute or express legislative permission. *Id.* (immunity is waived by clear and unambiguous statutory language). A plaintiff who sues the State must establish the State's consent to suit. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999); see also*, University of Texas at Dallas v. Ntreh,* 947 S.W.2d 202 (Tex. 1997)(modifying in part)*, Ntreh v. Univ. of Tex. at Dallas*, 936 S.W.2d 649, 651 (Tex. 1997).

A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If a plea to the jurisdiction challenges the existence of jurisdictional facts, a court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised even when those facts may implicate the merits of the cause of action. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id*.

## B. Application of Standard

Appellee cannot show that the Texas Legislature has waived the City's governmental immunity for Appellee's claim. Grable asserts a waiver of immunity under the TPIA. Case law is clear, however, that immunity is waived only to the extent that a requestor has a valid claim for relief under the TPIA. *See, e.g., City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.—Austin 2014, pet. denied); *Grant v. Texas State Attorney Gen.*, No. 14-18-00677-CV, 2019 WL 6876556, at *4 (Tex. App. —Houston [14th Dist.] Dec. 17, 2019, no pet.) (mem. Op.). The TPIA "waives immunity for requestors seeking to compel a governmental body to make information available for public inspection under certain circumstances." *City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558, 570 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). By Section 552.321's "plain terms, the [TPIA's] **waiver** of **immunity** for mandamus relief requires the City to have 'refuse[d]' to supply public information." *Id.* At 572. *Miller v. Gregg County*, 546 S.W.3d 410, 418 (tex. App.—Texarkana 2018, aff'd as modified). In this context, "refuse" means "show or express a positive unwillingness to do or comply with." See *Id.* (citing various dictionaries). Thus, under the plain language of § 552.321's waiver of immunity, a requestor must show that the governmental body is "unwilling" to supply public information. *Id.*

TEX. GOV'T CODE § 552.321(a) provides that a requestor or the attorney general may file suit for writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body (1) refuses to request an attorney general's decision as provided by Subchapter G or (2) refuses to (i) supply public information or (ii) information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

The Appellee bears the burden to plead facts affirmatively demonstrating waiver of immunity and subject matter jurisdiction. Here, the City did not refuse to supply public information and the Appellee agrees it withheld information determined to be privileged and excepted from disclosure. A plain reading of the language clearly indicates that a requestor and the Attorney General are positioned the in the same context of potential actions under § 552.321. The Attorney General could not issue an opinion and then mandamus the governmental body to have a court review and disagree with its position. The interpretation by Grable makes the language under (2)(ii) meaningless as to the Attorney General yet that distinction is not contained within the subsection. The Attorney General's recourse is to mandamus the City for purposes of demanding compliance under (1), (2)(i) or (ii). There is no qualifier included in the language.

The same is true for Appellee. Grable has no recourse to mandamus the City because it complied with the Attorney General's opinion. Therefore, the trial court should have granted the City's Plea to the Jurisdiction and dismissed Appellee's lawsuit with prejudice against refiling.[2] Appellee's pleadings negate jurisdiction because he admits the City complied with the law.

Despite the failure to plead facts establishing a waiver of immunity and subject matter jurisdiction, Appellee nevertheless asserts that case law permits a mandamus action where a requestor disagrees with the Attorney General's decision that information may be withheld. In support of this proposition, Appellee cites *Thomas v. Cornyn*, 71 S.W.3d 473, 483 (Tex. App.—Austin 2002, no pet.); *City of Georgetown v. Putnam*, 646 S.W.3d 61, 69 (Tex. App.—El Paso, 2022) (citing TEX. GOV'T CODE § 552.321). Appellee's reliance on this case law is misplaced. In the *Thomas* case, the requesting party was intervening in the government suit against the Attorney General. The Government filed suit contesting the opinion of the Attorney General that it ***was required to release*** information sought by requestor. In that context, a requestor may intervene to ask for mandamus as to the continued

---

[2] Dismissal pursuant to immunity is a final determination on the merits and must be done with prejudice. *See, Harris County v. Sykes*, 136 S.W.3d 635, 640-41 (Tex. 2004) ("As we have already held, however, a dismissal constitutes a final determination on the merits of the matter decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (per curiam). In this case, there is a final adjudication that the Legislature has not waived Harris County's immunity on the facts of this case.").

withholding of information by the Government. However, there is no existing case in which Appellee is intervening and the Appellant's **compliance** with the Attorney General's decision does not, by the plain language of the statute, create a waiver of immunity for Appellee. TEX. GOV'T CODE § 552.321. The proper means of contesting an Attorney General's decision is to follow TEX. GOV'T CODE § 552.3215 (allowing for individuals to file complaints concerning alleged violations of the TPIA with either the local district attorney, local county attorney, or with the Attorney General of Texas). This Court should overturn the District Court's ruling, grant the City's Plea to the Jurisdiction and dismiss the Appellee's Petition for Writ of Mandamus.

Appellant has shown that the statute does not waive immunity for mandamus relief unless Appellee alleges the City failed to comply with the law. Appellee has **not pled** that the City violated the law by withholding information deemed public, because the City did not withhold any information that was ruled to be releasable, public information by the Attorney General.

"If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence on that issue even where those facts may implicate the merits of the cause of action." *Fannin County Comm. Supervision & Corrs. Dep't v. Spoon*, No. 06-13-00103-CV, 2014 WL 3513388, at *5 (Tex. App.—Texarkana July

16, 2014, pet. denied)(mem. op.) (citing *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009)). "In this context, the trial court's review 'mirrors that of a traditional summary judgment motion.'" *Id.* (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)). "Initially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction." *Id.* (quoting *Garcia*, 372 S.W.3d at 634). The Attorney General's opinion shows, on its face, that the City was entitled to withhold the operational assessment. **[C.R. I, 17-18]**. Further, Appellee does not argue that the City acted contrary to the Attorney General's determination. Therefore, there is no waiver of immunity under TEX. GOV'T CODE § 552.321.

II.     **The trial court erred in denying the City's Traditional Motion for Summary Judgment as there was no evidence the City violated the Texas Public Information Act and that Appellant was entitled to Mandamus**

A. **<u>Standard of Appellate Review – Motion for Summary Judgment</u>**

This Court reviews summary judgments de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). Summary judgment is appropriate if the moving party establishes that no genuine issue of material fact exists and is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c). For a defendant to be entitled to summary judgment, it must either disprove an element of the cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the defendant establishes a right

7

to summary judgment, the plaintiff must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

## B.    Application of Standard

Appellant respectfully requests this Court reverse the trial court's order on the City's traditional summary judgment motion. In general, matters of statutory construction are legal questions. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). Specifically, whether information is subject to the Public Information Act and whether an exception to disclosure applies to the information are questions of law. *See A & T Consultants,* 904 S.W.2d at 674. Because the parties do not dispute the relevant facts, this is a proper case for **summary judgment**. *See Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). More importantly, this Court should only determine if the City properly relied upon the Attorney General's opinion, based on analysis and case law, that the requested responsive information was attorney-client privileged and therefore not public information.

In this case, the undisputed facts are that the City timely asked for an Attorney General Opinion on whether the operational assessment requested could be withheld as attorney-client privileged communications. **[C.R. I, 11-14]**. The City's request

was attached to the Petition for Writ of Mandamus and shows the information at issue was given to the Attorney General for review. **[C.R. I, 11-14]**. The Attorney General agreed that PSS created information at the direction of the City Attorney for the purpose of allowing the City Attorney to provide legal advice, analysis, strategy, opinions and legal recommendations to their client, the City. **[C.R. I, 17-19]**. The Attorney General agreed that the information at issue met the criteria for withholding privileged information. The information was found to be communication (a) between the lawyer and its representatives and clients, (b) to facilitate the rendition of legal services, (c) which was intended to be confidential and (d) was maintained as confidential. **[C.R. I, 17-19]**.

Appellee appears to challenge whether PSS was the Law Firm's representative for purposes of the attorney-client privilege. Appellee has not plead any facts to contradict the facts as set forth in the City's brief to the Attorney General nor the Attorney General's Opinion. **[C.R. I, 11-14, 17-19]**. But, as a matter of law, § 552.107 of the Act excepts from disclosure "information that . . . an attorney of a political subdivision is prohibited from disclosing because of a duty to the client under the Texas Rules of Evidence or the Texas Disciplinary Rules of Professional Conduct." TEX. GOV'T CODE § 552.107. In Open Records Decision Number 676, the Texas Attorney General interpreted § 552.107 of the Act to protect the same kind of

information protected under TEX. R. EVID. 503. Tex. Att'y Gen. ORD No. 676 at 4 (2002). TEXAS RULES OF EVIDENCE 503 defines "lawyer's representative" as "one employed by the lawyer to assist in the rendition of professional legal services." TEX. R. EVID. 503(a)(4)(A). Assisting in the rendition of professional legal services must be a significant purpose for which the representative was hired in the first instance. *University of Texas System v. Franklin Center for Government and Public Integrity*, 675 S.W.3d 273, 281 (Tex. 2023)(holding independent contractor hired to investigate conduct of UT officials was legal representative and attorney-client privilege applied to its work); *see also In re Fairway Methanol LLC*, 515 S.W.3d 480, 489 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (holding that Texas law "does not require that the *primary* purpose of the communication between a lawyer and a lawyer's representative be to facilitate the rendition of legal services; it only requires that the communication be made to facilitate the rendition of legal services").

Courts determine if the privilege applies under the TPIA, not by whether the representative was employed or an independent contractor, but by determining if the purpose of the work was for legal services and if communications were kept confidential. *University of Texas System v. Franklin Center, 675 S.W.3d at 285-287.* In this case, the Law Firm represented to the Attorney General that PSS was hired

by the Law Firm, to provide confidential information to be used in the rendition of legal services to the City. The Attorney General and case law agree that information created by such entities is included in the attorney-client privilege. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding)(per curiam); TEX. R. EVID. 503(b)(the attorney-client privilege protects not only the communications between the lawyer and client, but also communications between their representatives).

As a matter of law, the privilege applies to the documents created by PSS because the attorney's representatives were communicating with the City Attorney for the purpose of rendering legal services. *In re Tex. Farmers Ins. Exch.*, 990 S.W.2d 337, 340 (Tex. App.—Texarkana 1999, orig. proceeding) **[C.R. I, 12-14]**. Appellee cannot refute that PSS was hired to facilitate rendition of legal services to the Law Firm for the City. As a matter of law, the City is entitled to summary judgment dismissing Appellee's claim for mandamus relief and *in camera* inspection of the documents.

Appellee contended in his Response to the City's Motions, that there were several disputed factual issues that precluded summary judgment:

1.      The exact nature and scope of Public Safety Solutions LLC's work for the City is unclear. The City claims PSS was hired by its attorneys but has provided no contract, affidavit, or other evidence to support this. The first Appellee learned

*11*

of this information was when the City filed its motion, so there was no opportunity to inquire into the veracity of these allegations.

2. It is unclear whether the entire operational assessment consists of privileged communications or whether it contains separable factual information that should be disclosed.

3. The City has not established that all individuals involved in creating or receiving the assessment acted within the scope of an attorney-client relationship.

**[C.R. I, 54-59]**.

Despite the assertions of Appellee, the record is clear that these are not factual issues that would merit the denial of the Motion for Summary Judgement in this matter. Appellee filed for mandamus under the TEX. GOV'T CODE § 552.321.

Appellee knew from the City's brief to the Attorney General last September that the Law Firm was claiming attorney-client privilege of the information requested:

> The City asserts that the Requested Information constitute a communication for purposes of the Act because the information consists of documents created by Public Safety Solutions, LLC ("PSS") at the direction of the City Attorney for the City for purposes of providing legal advice, analysis, strategy, opinions and legal recommendations to the City.

> The Requested Information was made on behalf of DNRBZ in its capacity as City Attorney. The "client" as defined by Rule 503 is the City of Olmos Park and the following individuals are individuals included in the confidential communications and are considered by the City to be representatives of the client.

> **City Representatives:**

> Celia DeLeon (City Manager) Deanna Rickabaugh (Mayor) Will Brooks (Councilmember)

Rene Valenciano (Former Chief of Police)

The following are attorneys, paralegals, and/or staff of legal counsel retained by the City. Each of the individuals listed is either a lawyer authorized to engage in the practice of law, or a non-lawyer employed to assist the firm's layers in the rendition of professional legal services; therefore, each person is either a "lawyer" or "representative of the lawyer" as those terms are defined in Rule 503 of the Texas Rules of Evidence.

**Legal Counsel for the City:**

T. Daniel Santee (lawyer)

The City asserts that the Requested Information constitutes privileged communications, as defined by Texas Rule of Evidence 503, because these communications were not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. As indicated, the Requested Information contains information obtained on the request of legal counsel to provide legal advice, legal strategy, opinion, analysis, and legal recommendations, all of which was provided by counsel to the City officials and staff in furtherance of the rendition of professional legal services to the City and was not intended to be disclosed to third persons. Finally, the Requested Information has remained confidential and has not been waived through disclosure to a third party or otherwise.

As such, the Requested Information constitutes confidential communications between the City and its legal counsel and may not be disclosed.

For the above stated reasons, the City respectfully requests that your office issue an opinion that the Requested Information, should be excepted from disclosure pursuant to Section 552.107 of the Act.

**[C.R. I, 13-14]**.

In this argument, the City identified the test for attorney-client privilege under

TEX. R. EVID. 503 and articulated the reasons it had complied with the requirements

*13*

for retaining that privilege. **[C.R. I, 11-15]**. Additionally, without the benefit of this being produced during discovery, in any litigation, the trial court has no standard against which to make the requested determination by Appellant that some or all of the information is separable facts. Compare *In re E.I. DuPont de Nemours and Co.*, 136 S.W.3d 218 (Tex. 2004)(in the suit underlying the mandamus, DuPont asserted claims of attorney-client privilege and provided a prima facie showing of privilege. The appellate court ruled that the trial court erroneously ordered the disclosure of privileged information which cannot be corrected in a normal appeal). Appellee asks the trial court to waive attorney client privilege for "separable factual information" without the benefit of an underlying lawsuit. This request for relief certainly goes beyond what the provisions of § 552.3215 were meant to encompass. If the trial court orders the disclosure of any of the documents, then the City must mandamus the trial court's order on the mandamus to correct the error on appeal. *Id*. The City would then have a higher burden of proof on its mandamus than Appellee claims to be required by law in his mandamus under the Texas Public Information Act. This should not be the state of the law.

Additionally, Appellee asserted at the hearing held on August 29, 2024, that the Attorney General did not involve him in the process. The Appellant, or any requestor, has the right to provide information to the Attorney General on any

request submitted for their review, under § 552.304. The Attorney General opinion does not identify that Appellee timely provided any argument in support of his position. **[C.R. I, 17-19]**. Therefore, Appellee failed to avail himself of his statutory right to participate in the process.

The Attorney General reviewed the responsive documents, the brief, and arguments by the City, and properly analyzed that:

> Section 552.107(1) of the Government Code protects information coming within the attorney-client privilege. When asserting the attorney-client privilege, a governmental body has the burden of providing the necessary facts to demonstrate the elements of the privilege in order to withhold the information at issue. Open Records Decision No. 676 at 6-7 (2002). First, a governmental body must demonstrate that the information constitutes or documents a communication. *Id.* at 7. Second, the communication must have been made "to facilitate the rendition of professional legal services" to the client governmental body. TEX. R. EVID. 503(b)(1). The privilege does not apply when an attorney or representative is involved in some capacity other than that of providing or facilitating professional legal services to the client governmental body. *In re Tex. Farmers Ins. Exch.*, 990 S.W.2d 337, 340 (Tex. App.—Texarkana 1999, orig. proceeding) (attorney-client privilege does not apply if attorney acting in a capacity other than that of attorney). Governmental attorneys often act in capacities other than that of professional legal counsel, such as administrators, investigators, or managers. Thus, the mere fact that a communication involves an attorney for the government does not demonstrate this element. Third, the privilege applies only to communications between or among clients, client representatives, lawyers, and lawyer representatives. TEX. R. EVID. 503(b)(1).
>
> Thus, a governmental body must inform this office of the identities and capacities of the individuals to whom each communication at issue has been made. Lastly, the attorney-client privilege applies only to a

*confidential* communication, *id.,* meaning it was "not intended to be disclosed to third persons other than those: (A) to whom disclosure is made to further the rendition of professional legal services to the client; or (B) reasonably necessary to transmit the communication." *Id.* 503(a)(5). Whether a communication meets this definition depends on the *intent* of the parties involved at the time the information was communicated. *Osborne v. Johnson*, 954 S.W.2d 180, 184 (Tex. App.—Waco 1997, orig. proceeding). Moreover, because the client may elect to waive the privilege at any time, a governmental body must explain that the confidentiality of a communication has been maintained. Section 552.107(1) generally excepts an entire communication that is demonstrated to be protected by the attorney-client privilege unless otherwise waived by the governmental body. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (privilege extends to entire communication, including facts contained therein).

**[C.R. I, 17-19]**.

In *Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex.1991), the Supreme court held the attorney-client privilege protects confidential communications between a client and attorney made for the purpose of facilitating the rendition of professional legal services to the client. *See* TEX. R. EVID. 503(b). While the privilege extends to the entire communication, including facts contained therein, *see GAF Corp. v. Caldwell,* 839 S.W.2d 149, 151 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), a person cannot cloak a material fact with the privilege merely by communicating it to an attorney. *See, e.g., National Tank Co. v. Brotherton,* 851 S.W.2d 193, 199 (Tex.1993)(internal citations omitted).

The Attorney General ruled that:

The city states the information at issue consists of a communication between attorney representatives, attorneys for the city, and city officials. The city informs us the communication at issue was prepared at the direction of and delivered to the city attorney. The city explains this communication was made for the purpose of providing professional legal services to the city, and this communication was not intended to be disclosed and has not been disclosed to non-privileged parties. Upon review, we find the city has demonstrated the applicability of the attorney-client privilege to the submitted information. Accordingly, the city may withhold the submitted information under section 552.107(1) of the Government Code.[2] *Cf. Harlandale Indep. Sch. Dist. v. Cornyn*, 25 S.W.3d 328 (Tex. App.—Austin 2000, pet. denied) (concluding attorney's entire investigative report was protected by attorney-client privilege where attorney was retained to conduct investigation in her capacity as attorney for purposes of providing legal services and advice).

**[C.R. I, 17-19].**

Although Appellee alleges that there may be facts that are separable, without being able to identify any facts as a "material" fact, there is no basis to determine if a fact is "material" or not part of a confidential communication. The communications between PSS and the City's Attorney made confidentially, and for the purpose of facilitating legal services, are protected. *Huie*, 922 S.W.2d at 924. The City must be able to confidentially communicate information to its' Attorney, and the Attorney's investigator, to obtain the best possible legal guidance.

## CONCLUSION

Appellee cannot show that the Texas Legislature has waived the City's governmental immunity for Appellee's claim. Therefore, this Court should grant Appellant's Plea to the Jurisdiction and dismiss Appellee's lawsuit with prejudice.

Additionally, summary judgment is appropriate if the moving party establishes that no genuine issue of material fact exists and is entitled to judgment as a matter of law. Appellant has established that no genuine issue of material fact exists, and this Court should grant Appellant's Motion for Summary Judgement and dismiss Appellee's lawsuit with prejudice.

## PRAYER

Appellant requests this Honorable Court enter an order directing the Trial Court to reverse her September 9, 2024, order and enter an Order Granting Appellant's Plea to the Jurisdiction and/or Motion for Summary Judgment and Order Appellee's claims be dismissed with prejudice as to Appellant City; that Appellee take nothing by this lawsuit and for such other relief to which Appellant may show itself justly entitled.

SIGNED this 30th day of October 2024.

DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
210/227-3243

*18*

210/225-4481 Facsimile
cmrodriguez@rampagelaw.com
mrsantee@rampagelaw.com
lwhanson@rampagelaw.com

BY: _____ */s/ Lori W. Hanson*_____
CLARISSA M. RODRIGUEZ
State Bar No. 24056222
MEGAN R. SANTEE
State Bar No. 24002893
LORI W. HANSON
State Bar No. 21128500
**COUNSEL FOR CITY APPELLANT**
**CITY OF OLMOS PARK, TEXAS**

## TEX. R. APP. P. 52.3(J) CERTIFICATION

Pursuant to TRAP 52.3(j), the undersigned certifies that she has reviewed the above Brief of Appellant and concluded that every factual statement in the brief is supported by competent evidence included in the appendix and each document included in the appendix is true and correct copy of the original.

_____ */s/ Lori W. Hanson*_____
Lori W. Hanson

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies that this document was computer generated and the word count of the document, except for those items "excluded" by section T.R.A.P. 9.4(i)(l), is 4,927, based on the count of the computer program used to prepare the document.

_____ */s/ Lori W. Hanson*_____
Lori W. Hanson

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served electronically on the following counsel of record for Appellee on October 30, 2024:

Brandon J. Grable                                                **E-NOTIFICATION**
GRABLE GRIMSHAW PLLC
1603 Babcock Road, Ste. 280
San Antonio, Texas 78229
Email: brandon@g2.law


                                    */s/ Lori W. Hanson*
                                    Lori W. Hanson

*20*

Case No. 08-24-00388-CV

# IN THE EIGHTH COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

## CITY OF OLMOS PARK, TEXAS
## Appellant.

## APPENDIX TO APPELLANTS BRIEF

**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
Clarissa M. Rodriguez
State Bar No. 24056222
Megan R. Santee
State Bar No. 24002893
Lori W. Hanson
State Bar No. 21128500
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 (Facsimile)

*ATTORNEYS FOR APPELLANT*
*CITY OF OLMOS PARK, TEXAS*

**APPENDIX INDEX**

1. Order Denying Appellees Plea to the Jurisdiction and Motion for Summary Judgment, dated September 9, 2024

**APPELLANTS BRIEF**

**APPENDIX ITEM 1**

**ORDER DENYING CITY OF
OLMOS PARK'S PLEA TO THE
JURISDICTION AND MOTION
FOR SUMMARY JUDGMENT,**

**DATED SEPTEMBER 9, 2024**

**NO. 2023CI25719**

| | | |
|---|---|---|
| **BRANDON J. GRABLE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **45TH JUDICIAL   DISTRICT** |
| | § | |
| **CITY OF OLMOS PARK, TEXAS** | § | |
| *Defendant* | § | **OF BEXAR COUNTY, TEXAS** |

---

## ORDER

---

On August 29, 2024, the counsel of record for each party appeared in the above-styled and numbered cause.  At that time, the Court announced in open session its ruling regarding a motion titled *Defendant's Plea to the Jurisdiction and Motion for Summary Judgment*, filed on April 14, 2024.

After examining all of the pleadings filed with the court, the evidence on file, other documents on file, and arguments of counsel, the Court ORDERS as follows:

IT IS HEREBY, ORDERED, ADJUDGED, and DECREED that *Defendant's Plea to the Jurisdiction and Motion for Summary Judgment*, in all respects, is **DENIED**.

9/9/2024 2:23:11 pm
SIGNED ON _____

_____
THE HONORABLE MARY LOU ALVAREZ
45TH JUDICIAL DISTRICT COURT

JUDGE MARY LOU ALVAREZ
PRESIDING JUDGE
45TH DISTRICT COURT

PREPARED BY AND APPROVED AS TO FORM ONLY:

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
***Counsel for Plaintiff***

APPROVED AS TO FORM ONLY:

**DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE & ZECH**

*/s/ Lori W. Hanson (with permission)*
**CLARISSA M. RODRIGUEZ**
Texas State Bar No. 24056222
cmrodriguez@rampagelaw.com
**LORI W. HANSON**
Texas State Bar No. 21128500
lwhanson@rampagelaw.com
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210)227-3243
Facsimile: (210) 225-4481
***Counsel for Defendant***

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberley Valdez on behalf of Clarissa Rodriguez
Bar No. 24056222
kvaldez@rampagelaw.com
Envelope ID: 93769496
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellants Brief
Status as of 11/1/2024 10:53 AM MST

Associated Case Party: City of Olmos Park, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kimberley Valdez | | kvaldez@rampagelaw.com | 10/30/2024 9:30:23 PM | SENT |
| Megan Santee | | mrsantee@rampagelaw.com | 10/30/2024 9:30:23 PM | SENT |
| Lori Hanson | | lwhanson@rampagelaw.com | 10/30/2024 9:30:23 PM | SENT |
| Clarissa MRodriguez | | cmrodriguez@rampagelaw.com | 10/30/2024 9:30:23 PM | SENT |

Associated Case Party: BrandonJ.Grable

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon J.Grable | | brandon@g2.law | 10/30/2024 9:30:23 PM | SENT |